## Thomas Curtis v. Walter Goodenow.

*Mortgage construed:* "*Outlawing*" *of mortgage: Forfeiture: Time.* A mortgage for two thousand dollars, payable in two years from date, with annual interest, given for part of the purchase price of the property described in it, was in the usual form, except that it contained this clause, viz: "The said two thousand dollars being for purchase money of the same, detained by the party of the first part as security for the perfection of the title, to be made good by the party of the second part, to wit: a deed from Rice and wife (if any), or in chancery,' or his legal representatives, to the party of the first part; also a mortgage, to be discharged from record, made by one Joseph French, July 3, 1841, unless the same shall outlaw prior to the time of payment of this indenture; all to be arranged and completed on or before two years from this date, at which time this mortgage shall become due and be paid; but in case the title shall be made good as aforesaid, prior to the 9th day of September, 1867, the party of the second part shall give ninety days notice to the parties of the first part, of the arrangement of said title as aforesaid; the full time not to exceed two years from the date of this instrument:"—

*Held,* That the proper construction of this clause is, that the two thousand dollars was kept back as security for the perfecting of the title in the two particulars mentioned within two years, and that the stipulation for annual interest was to be operative only after the title had been perfected; and that the term "*outlaw,*" as here used, referred to the time when, by law, the mortgage would be presumed paid;

*Held, further,* That in the absence of any stipulation in the nature of a forfeiture, the mortgagee's rights could not be forfeited on failure to comply by the day, if he does so within a reasonable time afterwards.

*Equity: Pleadings: Averments in bill.* The mortgagee's right to the money in such case being dependent upon the title being perfected in the two particulars

mentioned in the mortgage, a bill to foreclose the same should contain distinct averments, in the stating part of the bill, of the performance of these conditions precedent. A bill in the ordinary form, as in case of a mortgage for the payment of money unconditionally, except that, in stating the pretenses of defendant to excuse his non-payment, it states that he pretends a non-compliance by complainant with such conditions, and avers that such pretense is unfounded, is not sufficient.

*What not performance of condition precedent.* An instrument signed by Rice, in which he disclaimed all right of title or interest in, or to, the premises, and did thereby "relinquish and forever quit-claim all right, title, or interest in, or to, the premises unto whom it may concern," would be of no service in perfecting the title; and the procuring of such instrument, by the complainant, was not a performance of the condition precedent, as to the Rice title mentioned in said mortgage.

*When mortgage presumed paid.* A mortgage will be presumed paid after the expiration of twenty years from its maturity.

*When bill not amended.* A bill defective in its averments will not be amended where the case is essentially defective on the proofs, but may be dismissed without prejudice.

*Heard October 25. Decided October 31.*

Appeal in Chancery from Calhoun Circuit.

The opinion contains a sufficient statement of the case.

*Thomas Curtis* in person, and *Wilkinson & Post*, for the complainant.

*Thomas G. Pray* and *George V. N. Lothrop*, for defendant.

COOLEY, J.

The bill in this case is filed to foreclose a mortgage given by the defendant to the complainant, upon lots one, two, three, and four, of block thirty-three, in the village of Albion. The mortgage bears date September 9, 1865, and recites a consideration of two thousand dollars, "the said two thousand dollars being for purchase money of the same, detained by the party of the first part as security for the perfection of the title to be made good by the party of the second part, to wit: a deed from Rice and wife (if any) or in chancery, or his legal representatives to the party of the first part; also, a mortgage to be discharged from record, made by one Joseph French, July 3, 1841, unless the same

shall outlaw prior to the time of payment of this indenture, all to be arranged and completed on or before two years from this date, at which time this mortgage shall become due and be paid; but in case the title shall be made good as aforesaid, prior to the ninth day of September, 1867, the party of the second part shall give ninety days' notice to the parties of the first part, of the arrangement of said title as aforesaid; the full time not to exceed two years from the date of this instrument." In other respects than this, the mortgage was in the usual form for the payment of two thousand dollars in two years from date with annual interest. The bill is also in the ordinary form, in no respect different from what it should have been had the mortgage been for the payment of two thousand dollars unconditionally, except that in stating the pretenses of defendant to excuse his non-payment, it states that he pretends a non-compliance by complainant with the provision regarding a conveyance from Rice, and the French mortgage, which pretense is averred to be unfounded. The case was heard on pleadings and proofs. It appears that the French mortgage was never discharged, and that it bore date in July 1845 instead of July 1841, and was payable six years from date. It also appears that no conveyance was obtained from Rice, but an instrument signed by him was put in evidence, in which he disclaimed all right of title or interest in, or to, the premises, and did thereby "relinquish and forever quit-claim all right, title, or interest in, or to, the premises unto whom it may concern." Beyond this there was no showing of any attempt by complainant to perfect the title, except that he gave some evidence of a request that defendant would allow him to file a bill in the name of the latter to quiet the title as against Rice, and that defendant refused. Upon this there was contradictory testimony. It seems that the whole purchase price of the

property was six thousand dollars, of which four thousand was paid, the two thousand mentioned in the mortgage being the balance.

The parties do not seem to be agreed regarding the meaning of the peculiar clause inserted in the mortgage, and given above; the one claiming that the two thousand dollars was payable absolutely at the end of two years, unless there should be trouble about the title in the meantime; while the other insists that it was not to be paid at all, unless the title was perfected within the two years. Neither view, we think, is correct. The two thousand dollars was kept back as security for the perfecting of the title in the two particulars mentioned; and though this was to be done within two years, there is no stipulation in the nature of a forfeiture if it should be found impracticable, or for any reason be delayed. It would be difficult to word a provision more blindly, but the general purpose to leave the two thousand dollars in the defendant's hands as a mere security is plain enough, and there is no principle on which complainant's rights could be forfeited on failure to comply by the day, if he does so within a reasonable time afterwards. The stipulation for annual interest was probably understood by the parties to be operative only after the title had been perfected; at any rate that would be a reasonable view to take of their stipulations.

Such being the condition of the mortgage as regards the payment of this two thousand dollars, it remains to consider whether the complainant has shown himself entitled to enforce it. The first and most obvious difficulty with his case is, that the bill contains no proper averments under which to introduce evidence of the compliance on his part with the conditions precedent. His right to the money being dependent on the title being perfected in the two particulars mentioned in the mortgage, there

should have been distinct averments in the stating part of the bill showing that this had been done. No such averments appear. But if the bill had contained them, the case would still be defective on the evidence. If the title of record stood apparently in Rice—as is inferable from the mortgage—an instrument from him in which he disclaimed any present title, would be of no service in perfecting the title which complainant undertook to convey, unless it was shown that the title Rice had actually had was previously conveyed, either to complainant or to some one under whom complainant claimed. If Rice had the title once, and has it not now, it is because it has been conveyed to some one; and Rice's statement to that effect, does not help at all in perfecting the title in defendant, without a further showing that the title conveyed has in some manner vested in him. And in this view all the evidence of offers on the part of complainant to file a bill against Rice in defendant's name, without some further showing than we have here, appears to be of no importance, for the bill could only have resulted in a similar disclaimer from Rice that he was setting up any claim to the premises, and if there is an apparent title outstanding somewhere, it is immaterial to defendant whether it stands in Rice or in some third person unnamed; it may at any time be asserted against him.

The difficulty as to the French mortgage is probably obviated now, though it was not when the bill was filed. That mortgage would be presumed paid in July, 1871; and this presumption is what we understand the parties to have meant when they spoke of the mortgage " outlawing." But the case being defective on the proofs, as regards the outstanding Rice title, no amendment to the defective bill would now be of service to complainant, and we are therefore compelled to reverse the decree and dismiss the bill,

with costs of both courts. But the dismissal will be without prejudice to any future proceeding, either at law or in equity.

The other Justices concurred.