## NORTHWESTERN TRUST COMPANY v. AGATHA M. RYAN.[1]

July 7, 1911.

Nos. 17,032—(164).

**Foreclosure of mortgage on husband's land — redemption by wife.**

The rule that a married woman may redeem from a mortgage foreclosure upon her husband's lands is applicable to the foreclosure of a purchase-money mortgage.

**Foreclosure by action — failure to join wife as party defendant.**

A mortgage on lands was foreclosed by action, a valid judgment duly rendered therein, the mortgaged premises sold, and the sale duly confirmed. The owner of the fee was made a party to the suit, but his wife was not. Her equity of redemption was not barred by the sale and judgment.

[1] Reported in 132 N. W. 202.

[Note] Right of wife during husband's lifetime to redeem from mortgage on his property, see note in 3 L.R.A.(N.S.) 1068.

Action against wife — right to redeem.

> In such case, in a suit brought by the purchaser at the foreclosure sale of the mortgaged premises against the wife, where her only existing right is the right to redeem as wife of the owner, a reasonable time, not less than one year, may be fixed within which she must redeem from such foreclosure, or be barred from any right of redemption therefrom.

Action transferred to the district court for Ramsey county to quiet title to certain land. The answer among other matters alleged that the State Bank of St. Paul and plaintiff had each theretofore sold to various persons various parcels and tracts of land purchased by that bank at the foreclosure sale mentioned in the complaint; that the purchasers still held and possessed such rights as passed to them by virtue of such sales, and that plaintiff was estopped and had waived any right that it might ever have had to assert any claims to the lands adverse to defendant. The case was tried before Hallam, J., who made findings and as conclusions of law found that Agatha M. Ryan, as wife of Michael P. Ryan at the time the foreclosure proceedings were had in Otter Tail county, Minnesota, had an interest and equity of redemption in the lands involved, which had not in any degree been barred or foreclosed by the proceedings to which she was not made a party; that plaintiff was not entitled to a decree quieting title in it as against Agatha M. Ryan; that plaintiff was not entitled to the foreclosure of the mortgage or any relief whatever. From the judgment entered pursuant to the findings that plaintiff was not entitled to relief, it appealed. Reversed with directions to enter judgment in accordance with the opinion:

*J. P. Kyle* and *O'Brien, Young & Stone,* for appellant.
*Durment, Moore & Sanborn,* for respondent.

SIMPSON, J.

The owner of a large number of tracts of land, aggregating in area about five thousand acres, gave a purchase-money mortgage thereon for $20,000. The mortgage ran to a bank. It secured a debt due the bank, and also a debt in equal amount due one Michael P. Ryan. Some time after the execution and delivery of the mortgage, the owner conveyed all the land to Michael P. Ryan, who thereby became

the owner in fee simple of the land, subject to the mortgage. Thereafter the mortgage was duly foreclosed in an action in which Michael P. Ryan was a party, but to which his wife, Agatha M. Ryan, was not made a party. At the foreclosure sale the land was sold in separate forty acre tracts. The bank bid in a large number of these tracts, and Michael P. Ryan a large number. Ryan, during the year following the confirmation of the sale, redeemed, as owner, a number of tracts, so that, when the year of redemption expired, the tracts bid in by the bank and unredeemed and the tracts bid in by Ryan, together with the tracts redeemed by him, constituted the entire land mortgaged. The bank became insolvent, and the plaintiff trust company was duly appointed its receiver, and took and succeeded to its rights and interests in the premises.

After the expiration of the year of redemption the plaintiff claiming upon the foregoing facts to be the owner of the land bid in by the bank and unredeemed, brought this action against the defendant, wife of Michael P. Ryan, asking that it be adjudged "that the defendant has no right, title, interest, or equity of redemption in or to the lands herein described, or any part thereof, and that the title of the said plaintiff in and to the same be quieted as against the said defendant; or, if the court shall determine that the plaintiff is not entitled to said relief, then that the court adjudge and determine that the defendant redeem the said lands from said foreclosure within such reasonable time as the court shall deem proper, and that in default of making such redemption within such time then that her equity of redemption, if any therein, be forever barred and foreclosed," and for other relief.

After trial the court found the facts substantially above stated, together with a description of each forty acre tract bid in by the bank and unredeemed, with the amount at which the same was sold at the foreclosure sale, and as conclusions of law that the defendant, Agatha M. Ryan, had an interest and equity of redemption in the described lands, which equity of redemption had not been barred by the foreclosure proceeding, and that the plaintiff was not entitled to a decree quieting title in it to the described lands as against the defendant, and that the plaintiff was not entitled to any relief in the action. Judg-

115 M.—10.

ment was ordered accordingly. The plaintiff appealed from the judgment entered pursuant to the findings and order, and urges in this court that it was entitled to a judgment quieting its title, or, if the conclusion stands that the defendant has an existing right of redemption, then to a judgment fixing the time within which such right might be exercised.

The first contention of the plaintiff is without merit. It is the established law of this state that a wife may redeem the lands of her husband from a foreclosure sale. Such redemption is permitted for the protection of her right, inchoate though it may be, in the land. A redemption by her in effect annuls the sale, leaving the property in the same condition as if the mortgage never had been made. On principle this rule is not affected by the fact that the husband acquires the fee of land subject to a purchase-money mortgage. In such case the wife has her inchoate dower right in the land. Such right may be lost by foreclosure of the mortgage. If a foreclosure sale is made, she may preserve her right by redeeming from the sale.

The wife not having been made a party to the suit, her equity of redemption is not limited or determined by the decree. It is admitted, however, that the mortgage was duly foreclosed, and the sale regularly made and confirmed, and the amount for which each separate tract was sold is determined. Because of the omission of the defendant as a party, the foreclosure sale is not void. It effectively determines the rights of the mortgagee and the owner of the fee. A resale of the property in a proceeding against the defendant is wholly unnecessary and unauthorized.

The only right the defendant can or does assert against the plaintiff's title to the tracts of land here involved is her right of redemption. For the purpose of obtaining the relief now asked, the plaintiff concedes that right, and asks that the defendant exercise it. Her whole right would be fully preserved under a decree allowing her one year in which to redeem any or all of the separate tracts described by payment of the amount for which the tract so to be redeemed was sold, with interest thereon from the time of sale to the time of redemption, together with taxes, if any, paid upon such tract subsequent to the time of sale. As to any tracts of land not so redeemed?

by the defendant within the time limited, the title of the plaintiff therein becomes absolute as against any right or interest of the defendant. The plaintiff having asked this relief, it should be granted.

The order appealed from is reversed, with directions to the trial court to enter judgment in accordance herewith. Because the plaintiff, upon this appeal and apparently in the court below, rested principally on its claim that the defendant had no interest in the land, and that the plaintiff was entitled to a decree quieting its title to the land, no statutory costs are allowed appellant upon this appeal.