SECURITY TRUST CO. v. DINSMORE.

1. MORTGAGES—REDEMPTION—RECEIVERS—PARTNERSHIP.
   A suit does not lie at the i..stance of a partnership receiver to set aside a transfer of property to a third person who borrowed money for the firm upon the credit of the realty, and who required that title be conveyed to him by the partners to secure the resulting indebtedness; a bill to secure a reconveyance was not sustainable and could not be treated as a bill to redeem, which requires a tender of the proper amount to cancel the debt secured.

2. SAME—EQUITY—DISCOVERY—RECEIVERS.
   The bill could not be treated as a bill of discovery, that form of equitable relief being obsolete.

3. SAME—EQUITY—SURETY.
   And the court is not authorized to deprive the mortgagor of his title, held to secure him against the firm's failure to pay the loan, without complainant's indemnifying him against loss or otherwise relieving him from the obligation incurred for the benefit of the insolvent copartnership.

Appeal from St. Clair; Law, J. Submitted Janu-
186 Mich.—18.

ary 12, 1915. (Docket No. 75.) Decided June 7, 1915.

Bill by Security Trust Company, as receiver of a partnership, against Paul R. Dinsmore and another, to obtain a decree restoring certain property to the estate of the insolvent copartnership. From a decree for complainant, defendants appeal. Reversed.

*Alex. Moore,* for complainant.

*W. B. Henry* (*W. C. Cook,* of counsel), for defendants.

OSTRANDER, J. The complainant is the receiver of a partnership. It is charged in the bill that defendant Paul R. Dinsmore appears to own, and of record does own, certain premises which the partners conveyed to him by deed; that in fact he was merely a convenience used by them to acquire for themselves $5,000 from a third person (not a party to this suit) by way of a loan secured by the property. The method was to deed the premises to Dinsmore and to assign to him an outstanding lease thereof and sums due and to grow due thereon; Dinsmore personally borrowing the money upon his note and his mortgage of the premises. A further transaction, alleged to have been of much the same character, affecting personal property (choses in action), is set out, but is not here important. It is the theory of complainant that the premises conveyed to Dinsmore by the partners are of greater value than the mortgage lien, and that the surplus ought to be recovered for the benefit of the partnership. The consideration recited in the deed is $10,000, and there is testimony tending to prove that it was and is worth that sum and more. The bill prays for a decree requiring Dinsmore and his wife, Merle (who has no interest except as his

wife), to convey the premises to the complainant subject to the mortgage and to account for and pay over the rents received therefor.

The defendant claims that, while the original purpose and proposition of the partners were to procure through him and the said property a loan of $5,000 by the method stated, he declined to be a party unless it was understood and agreed that title should pass to him—a reconveyance to be made, however, at the option of the partners, when the said $5,000 to be borrowed by him for them and his expenses should be repaid, and two notes held by him, one executed by each of the partners, should also be paid. These notes amounted to more than $6,000. The principal contention concerns the arrangement pursuant to which the property was deeded to defendant, and upon this subject the testimony is in conflict. The trial court entered a decree substantially as prayed for by complainant—a decree peculiarly framed, and which is complained about, even if the court is sustained in the conclusion as to the principal facts.

Although admittedly Dinsmore's note is out for the $5,000 and he personally liable thereon (the holder and owner not being a party to this suit), Dinsmore and his wife are required by the decree to execute and deliver to complainant a deed of the premises subject to the mortgage and to assign to it the lease. The extent of the relief granted is little discussed in the brief for defendants (appellants), and not at all in the brief for appellee. It further appears that certain promissory notes, the property of the partners, are pledged to a third party, not a party to this suit, to secure a note made by Dinsmore for the benefit of the partners. These notes are, by the decree, held to belong to the complainant, subject to the lien of the lending bank, and the said bank is directed to surrender "the residue of securities" to the complainant.

The bill of complaint is not framed to discover and have declared the true interest of defendants in the property, nor is it framed as a bill to redeem. There is no offer to pay the debts which the property is pledged to secure, nor to save defendant harmless if complainant's theory of title to the property is found to be supported by the facts. It is not a bill to quiet title, and, indeed, complainant, being out of possession, could not maintain such a bill. Bills for discovery only are obsolete.

The character to be given the bill is a matter of importance. Courts of equity do not, for receivers or for other parties complainant, divest citizens of property which it is admitted they rightfully hold as security, at least not without actually relieving them of the obligation to secure which the property was pledged to them. It is obvious that the partners could not secure a reconveyance of the property upon the theory of the bill, unless they paid the debt which they gave the property to secure, or wholly relieved defendant from liability therefor. It is equally obvious that the holder and owner of defendant's note and of the mortgage he gave to secure it, and the holder of the collateral pledged by defendant to secure the other note, which is brought in question, are not bound by the decree. In considering whether the bill can be amended, this court cannot know whether the complainant desires to maintain the bill as a bill to redeem, or whether the court appointing the receiver will permit it to maintain such a bill—whether it can tender to defendant the relief he is entitled to if complainant's contention is sustained.

Since the argument, counsel have been requested to advise the court concerning the points which are herein suggested. The solicitor for the receiver has responded with a brief, and for complainant it is said, among other things, that neither the prayer of the

bill nor the decree deprives defendant of his security, but only defines the extent of the security, "and that is the only issue in the case." I have already stated, and the bill and the decree leave no room for questioning it, that the court is asked to order, and has ordered defendants to deed the elevator property, subject to the mortgage, to the complainant—to convey away the title which, upon complainant's theory, he holds as security for the repayment of the debt he contracted. For defendants the suggestions of the court are answered by saying that the bill ought to be dismissed, but that defendants desire to have the controversy now finally settled.

It is suggested by counsel:

(1) Whether the bill may be treated as a bill to redeem — *Goodenow* v. *Curtis*, 33 Mich. 505—and whether, upon failure of complainant to redeem, the decree may not provide for a strict foreclosure of defendant's lien. (2) Whether, if under all the circumstances a sale of the premises must be made, defendants may not now amend the answer in such way as to pray for foreclosure and sale.

It is pointed out that, in any event, defendant Paul Dinsmore having collected rent and paid out money for taxes, repairs, and insurance, an account must be taken. I think *Goodenow* v. *Curtis, supra,* is not authority for treating the present bill as a bill to redeem, and that the decree must be reversed, with costs of both courts to defendants.

The record will be remanded to the court below, with leave to complainant to file an amended bill within 60 days from date of remittitur, if so advised, in default of which the bill will be dismissed without prejudice.

BROOKE, C. J., and MCALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.