MARY F. HAVENS *vs.* BILLINGS F. S. CRANDALL, *et al.*

APRIL 25, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. This is an appeal from a decree granting a preliminary injunction, after hearing on bill and certain records. The injunction restrained respondent Crandall from enforcing a judgment in ejectment which he had recovered against complainant. Complainant may not deny the correctness of the judgment at law. The bill asked that Crandall be declared to be a resulting trustee for respondent Havens of certain real estate purchased by Havens, title to which was taken in the name of Crandall. The premises were occupied by respondent Haven's wife, the complainant, who had no other home. The latter asserted that she was possessed of an inchoate right of dower in the premises and incidental thereto she asked that respondent Crandall be enjoined from further proceedings in the ejectment suit. The court granted the injunction in order to maintain the "*status quo*", saying: "If Havens was the actual plaintiff and was merely using the name of Crandall to bring the case . . . then complainant has ground for relief."

A preliminary injunction incidental to establishment of substantive rights set up in a bill is granted only to prevent

the rights of complainant pending the litigation from being materially injured or endangered. 32 C. J. 20; *Love* v. *Atchison, etc.*, 185 Fed. 321 at 331. Unless, therefore, ejectment of complainant might injuriously affect the inchoate right of dower which she sought to establish, a temporary injunction against the enforcement of Crandall's judgment was not required.

Assuming for present purposes that complainant could establish that Havens took title in Crandall's name to prevent accrual to complainant of an inchoate right of dower and that in spite thereof she acquired such right, she was not entitled to occupy the house by reason of it. The nature and protection of a wife's inchoate right of dower was considered in *Atwood* v. *Arnold*, 23 R. I. 609. Such a right does not entitle a wife to possession or control of the land to which it attaches. 19 C. J. 493.

Complainant's inchoate right of dower, if existent, could not in any way injuriously be affected by her eviction from the house. Since the prosecution of the ejectment suit can have no effect upon the substantive rights asserted in complainant's bill, issuance of the injunction restraining further prosecution of the action at law was error.

The appeal of the respondents is sustained. The decree appealed from is reversed and the case is remanded to the Superior Court for further proceedings.

*Littlefield, Otis & Knowles*, for complainant.
*Frank H. Wildes*, for respondents.