DETROIT & SECURITY TRUST CO. *v.* TULLER HOTEL CO.

Mortgages—Foreclosure—Sale—Confirmation of Sale.

Where foreclosure of mortgage on hotel was in equity, and those interested had notice of sale and reasonable time in which to refinance, if possible, order confirming sale should not be set aside and resale ordered because of deficiency, in absence of guaranty that on resale property will bring more than on sale already had.

Appeal from Wayne; Webster (Arthur), J. Submitted February 18, 1931. (Docket No. 168, Calendar No. 35,577.) Decided February 27, 1931.

Foreclosure proceedings by Detroit & Security Trust Company, a Michigan corporation, against Tuller Hotel Company, a Michigan corporation, and others. From an order confirming sale to plaintiff for less than amount due, defendant William H. Lalley, receiver, appeals. Affirmed.

*Wiley, Streeter, Smith & Ford,* for plaintiff.

*Abram W. Sempliner* and *Edward N. Barnard,* for defendant Lalley.

POTTER, J. This is an appeal by the receiver of the Tuller Hotel Company, a Michigan corporation, from an order of the trial court confirming the sale, on mortgage foreclosure, of the Tuller Hotel Company property, in Detroit, September 3, 1930, for $3,015,194.15. At the time of the sale there was due on the mortgage, principal and interest and costs of foreclosure and sale, $3,781,262.30, leaving a deficiency, resulting from the foreclosure sale, of $766,068.15. Before the general creditors can receive anything, if this sale is set aside and a resale ordered, the property would have to bring an amount sufficient to cover the deficiency of $766,068.15, taxes and accumulated penalties of approximately $400,000 and the additional bond interest and costs of approximately $10,000, or more than $1,000,000, in addition to the price realized at the sale under consideration. The bondholders who, if this sale is confirmed, stand to lose the amount of the deficiency, $766,068.15, are asking confirmation of the present sale. There are appraisals indicating the property is worth more than the sale price, but these were made by experts in the heyday of material prosperity and paper profits, when it was claimed we had reached a new era of prosperity and all things were valued on a new and permanently higher plateau of prices; before the late price deflation and comparative cessation of speculative mania. If made now, such estimates of value would have to be made in the light of the present more settled value of property. No one has guaranteed the property will bring more than it was sold for at the sale under

consideration if ordered resold. We cannot, on the record, hold this property was sold for a grossly inadequate price. The sale was public. No one was prevented from raising the mortgagee's bid. The mortgage was foreclosed in equity. Everyone interested knew the property was to be sold at forced sale. They had a reasonable time to refinance. Conditions have not been favorable to it. Under the circumstances we are not satisfied, if this property was ordered resold, a greater amount would be realized from such sale than it brought on the sale under consideration. The decree of the trial court is affirmed.

WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, C. J., did not sit.