TULLER *v.* DETROIT TRUST CO.

1. MORTGAGES—FORECLOSURE—HUSBAND AND WIFE—DOWER—REDEMPTION BY WIFE.

Generally, inchoate right of dower of wife of mortgagor vests her with equitable right to redeem from foreclosure against his property, and this right is not affected by foreclosure proceedings to which she is not party.

2. SAME—BILL TO REDEEM—RESALE—EQUITY.

While it is usual practice to order resale on bill to redeem if party seeking redemption does not pay redemption money, resale will not be ordered where to do so is obviously inequitable or idle ceremony because of confessed inability of complaining party to redeem even if opportunity to do so is afforded.

On right of wife during husband's lifetime to redeem from mortgage on his real property, see annotation in 3 L. R. A. (N. S.) 1068.

3. SAME—OFFER TO PAY GENERALLY ESSENTIAL PART OF BILL TO
REDEEM.

It is generally essential part of bill to redeem mortgage that it
offer in express terms to pay amount due, with costs, and
usual form of judgment is that mortgagor may redeem upon
paying amount found due, with costs, within specified time.

4. SAME—HUSBAND AND WIFE—DOWER—BILL TO REDEEM—EQUITY—
REDEMPTION BY WIFE.

Where mortgage on husband's property was foreclosed without
making wife party thereto, and she filed bill asserting, by rea-
son of inchoate right of dower, right to redeem from legal
foreclosure, but made no offer to redeem, admitting her inabil-
ity to do so, her bill was properly treated as bill to redeem,
and therefore relief granted permitting her to redeem within
statutory six-month period by payment of amount due, with
costs, was all she was entitled to, under circumstances.

5. SAME—QUIETING TITLE—CLOUD ON TITLE.

Where purchaser at foreclosure sale filed cross-bill praying that
wife's right to redeem be barred and thus removed as claim
upon its title, said relief is granted if wife fails to redeem
within period fixed in decree.

6. SAME—PARTIES—VOLUNTARY APPEARANCE—ESTOPPEL—RECEIVERS.

Where, in foreclosure proceedings, mortgagor's receiver was not
made party, but he appeared and filed answer, he thus volun-
tarily became party, and is bound by decree therein.

7. SAME—REDEMPTION BY WIFE—WIFE NOT ENTITLED TO RECEIVER
FOR HUSBAND'S PROPERTY.

Since wife's inchoate right of dower does not entitle her to
possession of her husband's property or income therefrom,
she was not entitled to have receiver appointed therefor pend-
ing determination of her right to redeem from foreclosure pro-
ceedings to which she was not made party.

8. SAME—REDEMPTION BY WIFE—RIGHT TO ACCOUNTING.

Additional 30 days from time of filing opinion is granted wife
to redeem from foreclosure of mortgage on husband's prop-
erty, and in event of redemption she is entitled to accounting
for profits derived therefrom since appointment of receiver in
foreclosure proceedings.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 21, 1932. (Docket No. 112, Calendar No. 36,515.) Decided September 16, 1932.

Bill by Narcissa Tuller and another against Detroit Trust Company, a Michigan corporation, and Harry A. Eberline, receiver of Lew W. Tuller, to establish right to redeem from foreclosure sale of mortgaged premises. Cross-bill by defendant trust company to quiet title. Cross-bill by defendant Eberline to set aside decree of foreclosure. From decree rendered, all parties appeal. Modified and affirmed.

*Edward N. Barnard,* for plaintiffs.

*Wiley, Streeter, Smith & Ford* and *Hyde, Westbrook, Watson & Stephenson,* for defendant Detroit Trust Company.

*Max M. Braun,* for defendant Eberline.

NORTH, J. Formerly the Tuller Hotel Company, a Michigan corporation, owned and operated the Tuller hotel in Detroit. Mr. Lew W. Tuller was president of the corporation. The plaintiff Mrs. Narcissa Tuller is his wife. With the exception of qualifying shares held by other corporate officers, Mr. Tuller owned all the stock in the Tuller Hotel Company. In 1926 Mr. Tuller negotiated a mortgage loan of $3,500,000 on the Tuller hotel property. A trust mortgage was given wherein the defendant Detroit Trust Company was named as trustee, and bonds to the amount of the mortgage were issued and sold. Incident to securing this loan for his corporation, Mr. Tuller deeded to it a vacant lot used for parking purposes in connection with the Tuller hotel. This lot, herein referred to as lot No. 16, was

included with the other real and personal property of the corporation in the trust mortgage, but with the provision that it might be released upon payment of $500,000 on the mortgage loan at any time the mortgagor was not in default. There is testimony that there was also an understanding between the parties who negotiated the loan that upon its consummation the corporation would redeed this lot No. 16 to Mr. Tuller. One of the vigorously contested issues in this case is whether such a deed was in fact executed and delivered by the corporation to Mr. Tuller. However, an unrecorded deed, which was neither witnessed nor acknowledged, purporting to have been signed by the president and secretary of the Tuller Hotel Company at or about the time the trust mortgage was given, was placed in evidence. Notwithstanding this instrument was not recorded, prior to instituting the foreclosure proceedings, the plaintiff therein (the defendant Detroit Trust Company herein) had notice of the conveyance. It alleged in its bill of complaint that, after giving the trust mortgage, the Tuller Hotel Company "deeded property described therein as lot sixteen (16) * * * to defendant Lew W. Tuller, as this plaintiff is informed and believes and charges the fact to be." In other words, plaintiff in the foreclosure suit by its allegation admitted having knowledge or notice of the unrecorded deed. The trial judge found that this instrument reconveyed title to lot No. 16 to Mr. Tuller. Without passing upon that issue, we will assume for the purpose of this decision that the holding of the trial judge was correct.

The Tuller Hotel Company defaulted in making payments due under the trust mortgage. A receiver was appointed, foreclosure decreed, there was sale of the mortgaged premises and confirmation. At

the sale the Detroit Trust Company, the trustee in the foreclosed mortgage and one of the defendants herein, purchased the property. See *Detroit & Security Trust Co.* v. *Tuller Hotel Co.,* 253 Mich. 415. The redemption period expired March 4, 1931. The bill of complaint herein was filed March 2, 1931. It is the claim of the plaintiff Mrs. Narcissa Tuller that since she was not made a party to the foreclosure proceeding, and by reason of her inchoate right of dower in lot No. 16, she has a right to redeem from the mortgage, which included this lot with the other property of the Tuller Hotel Company. She does not seek to redeem from the foreclosure sale, but instead the relief she prays in part is as follows:

"That after final hearing on the merits in this cause this court order and decree that plaintiff Narcissa Tuller still possesses in [an] equity of redemption and right to redeem the mortgaged premises from the lien of the trust mortgage by reason of failure of plaintiff in such foreclosure suit to make said plaintiff a party therein and to obtain jurisdiction over her person in that proceeding."

The bill of complaint herein also prays for an accounting "for the purpose of determining the amount of money necessary to be paid by said plaintiff so to redeem the property from such trust mortgage;" and further, that a receiver be appointed to take charge of and manage the Tuller hotel property. There is a further prayer for general relief. In this connection it may be noted that Mrs. Tuller alleges in her bill of complaint financial inability "to obtain the sums necessary to redeem from such mortgage except by the use of the property involved for the purpose of incumbering the same as security," and thus securing money with which to redeem.

No specific relief is prayed in behalf of John Gillespie, receiver of the Tuller Hotel Company, who is joined as a party plaintiff, and why he is so joined is not clear.

The defendant the Detroit Trust Company (hereinafter called defendant) by answer has denied that Mrs. Tuller (hereinafter called plaintiff) is entitled to any relief, and has filed a cross-bill alleging that plaintiff's asserted right in the Tuller hotel property which this defendant purchased on foreclosure constitutes a cloud on its title; and it prays that title to the property may be quieted in it and "that said Narcissa Tuller may be barred of all her claims and pretended rights in said property *upon such terms as the court shall think proper.*"

The circuit judge decreed plaintiff the right to redeem from the foreclosure and sale, and afforded her the statutory period within which to do so in the following portion of his decree:

"That said sale did not bar the equity of redemption possessed by plaintiff Narcissa Tuller, and said plaintiff Narcissa Tuller is hereby given a right to redeem said property from the trust mortgage notwithstanding said foreclosure sale within six months after the signing of this decree; and that the amount required to be paid by plaintiff Narcissa Tuller for the purpose of effecting such redemption shall be such sum as shall equal the sum fixed by the foreclosure decree in cause number 174,357 as due to the trustee of such mortgage on the date of such decree, together with interest on said sum and any taxes which may have been paid by defendant Detroit Trust Co., as trustee, since the decree rendered in said foreclosure suit, with interest thereon to date of such redemption, at the rate fixed in said final decree of foreclosure from the date of such decree to the date redemption shall be made by plaintiff."

Plaintiff's reason for appealing is thus stated in her counsel's brief:

"Our claim in this regard being that she should have a right to redeem from the mortgage itself and that as to her the foreclosure sale can have no effect whatsoever."

Plaintiff's contention is that the trial court could not limit her right of redemption to six months after the decree in this case; but, instead, that plaintiff's right could be terminated only by a foreclosure to which she was a party and resale of the mortgaged premises.

With possible exceptions arising from circumstances in particular cases, the inchoate right of dower of the wife of a mortgagor vests her with the equitable right to redeem from foreclosure against his property. *Moore* v. *Smith,* 95 Mich. 71; *Lamb* v. *Montague,* 112 Mass. 352; *Mackenna* v. *Fidelity Trust Co.,* 184 N. Y. 411 (77 N. E. 721, 3 L. R. A. [N. S.] 1068, 112 Am. St. Rep. 620, 6 Ann. Cas. 471); 19 C. J. p. 487; 42 C. J. p. 364. And this right is not affected by foreclosure proceedings to which she is not a party. Further, it has been held that the wife of a purchaser of mortgaged premises becomes possessed of a like right of redemption. *Bigoness* v. *Hibbard,* 267 Ill. 301 (108 N. E. 294); *Northwestern Trust Co.* v. *Ryan,* 115 Minn. 143 (132 N. W. 202); *Denton* v. *Nanny,* 8 Barb. (N. Y.) 618. In the instant case we will assume that plaintiff had a right to redeem. This obviates passing upon the controverted issues of fact and of law as to her right to redeem under the particular circumstances of this case. The question of first importance presented by this appeal is whether, under the record, the circuit judge was justified in limiting plaintiff's right of redemption to a period of six months after decree in this case instead of decreeing to plaintiff the right

to redeem from the mortgage, and, in event of her failure so to do, holding that her right of redemption could be terminated only by foreclosure and resale of the mortgaged premises. We think this holding of the circuit judge was correct.

In support of her contention to the contrary, appellant relies much upon the following decisions of this court: *Grover* v. *Fox,* 36 Mich. 461; *Meigs* v. *McFarlan,* 72 Mich. 194; and also the dissenting opinion in *Gerasimos* v. *Wartell,* 244 Mich. 588. In the first two of these cases there were obvious reasons necessitating a resale which are not applicable at all to the instant case. In the *Grover Case* the foreclosure was by advertisement, instead of being in equity in the same court where the subsequent suit was instituted, as in this case; and in the opinion it is stated:

"The proceedings to foreclose have been found irregular, insufficient and inequitable, * * * and hence the premises should be held redeemable from the mortgage as an unforeclosed security, and not from the invalid sale."

In the instant case there is no claim that as to the parties before the court in the foreclosure proceedings, such proceedings were irregular or insufficient, nor does plaintiff now contend that there was anything inequitable about the foreclosure or sale. Further, the bill of complaint in the *Grover Case* was a bill to redeem. But plaintiff here has not filed a bill to redeem nor has she made any showing or offer that impresses us with any *bona fide* intention on her part to redeem even if decreed that right. On the contrary, as noted above, in her bill of complaint she confesses her inability to redeem. In the *Meigs Case, supra,* it should also be noted that the bill was one to redeem by one who had assigned as security his vendee's interest in a land contract. The hold-

ing of the court is only to the effect that the assignee could only obtain absolute title by foreclosure and sale under the assignment as an equitable mortgage. There had been no previous sale of the premises. In *Gerasimos* v. *Wartell, supra,* our decision went only to the question of the effect of the failure to enroll or of the irregular enrollment of a decree. The question now under consideration was not involved in that case. It is true in his dissenting opinion Mr. Justice POTTER said: "On a bill to redeem, the practice is to order a resale of the premises, in case the redemption moneys are not paid within the time prescribed by the decree;" but the decree in that case entered in accordance with the prevailing opinion required redemption without ordering foreclosure or sale. The obvious reason that the court was able to make this disposition of that case and which justified the trial court in so doing in this case is that the amount necessary to be paid in redemption had already been fixed in a regular proceeding, and none of the parties before the court were making complaint as to the amount so determined.

It may be said to be the common or usual practice to order resale on bill to redeem if the party seeking redemption does not pay the redemption money; but it is also true that resale will not be ordered where to do so is obviously inequitable or an idle ceremony because of confessed inability of the complaining party to redeem even if opportunity to do so is afforded.

"It is generally an essential part of a bill to redeem a mortgage that it offer in express terms to pay the amount due, with costs. The principle underlying this rule is that he who seeks equity must do equity. * * * The usual form of a judgment in a suit to redeem is that the mortgagor may redeem

upon paying the amount found due on the mortgage, within a specified time, together with costs; that upon his doing so the defendant shall discharge the mortgage and deliver up the mortgaged premises; that upon default of such payment, the complaint be dismissed with costs." 19 R. C. L. p. 505.

Under the circumstances of this case, we think it would be highly inequitable to permit plaintiff to further harass the bondholders who have already been subjected to much delay and unusual litigation and expense incident to this foreclosure proceeding in which it now appears the bondholders will suffer a loss of at least approximately a million dollars. See *Detroit & Security Trust Co.* v. *Tuller Hotel Co., supra.* It would be inequitable to allow plaintiff, by filing a bill of complaint which technically is not a bill to redeem, to escape the requirement of a tender or a *bona fide* offer to pay the amount due on the foreclosed mortgage as would be required in a bill to redeem. *Security Trust Co.* v. *Dinsmore,* 186 Mich. 273. She is in a court of equity seeking relief, and of necessity must do or at least offer to do equity. Obviously her counsel fully appreciated this, for it is alleged in her bill of complaint: "Plaintiffs hereby offer to do equity in the premises *and to abide by and to perform any decree of this court in that connection.*" There might be a question as to the right or power of the trial court to treat plaintiff's bill of complaint as a bill to redeem if that were the only pleading in the case. But the scope of relief sought is widened by defendant's cross-bill, wherein it is prayed that title to the property involved may be quieted in defendant and plaintiff's alleged claim barred *"upon such terms as the court shall think proper."* Thus each of the parties is before the court seeking equitable relief and offering to do equity, which includes accepting

relief decreed to a party upon any equitable conditions imposed. The trial court would have been justified in dismissing plaintiff's bill of complaint, on the ground that she was not entitled to any of the relief therein prayed. Notwithstanding she was possessed of a right to redeem, such dismissal would have been justified because her bill technically is not one to redeem. Plaintiff's inchoate right of dower did not entitle her either to possession or the income from the mortgaged property. *Havens* v. *Crandall,* 51 R. I. 8 (150 Atl. 76). It follows that she was not entitled to have a receiver appointed for the purpose of taking possession of and operating the mortgaged hotel property. Further than this, the trust mortgage provided in case of default the trustee under the mortgage had the right to take possession and operate the hotel. No facts or circumstances are alleged in the bill of complaint or established by the proof which would entitle plaintiff to an accounting. While, as above stated, the trial court would have been justified in dismissing plaintiff's bill of complaint, instead, evidently under her prayer for general relief, plaintiff was granted a right to redeem upon payment within the time fixed of the amount equitably due defendant. Plaintiff was entitled to no more. See *Northwestern Trust Co.* v. *Ryan, supra.* Subject to the modification hereinafter made, the decree in that respect is affirmed.

The Detroit Trust Company also perfected an appeal. Besides raising other questions, this appeal challenges the right of the trial judge to grant plaintiff six months after the filing of the decree in this case within which to redeem; and asserts error in that the defendant's cross-bill was dismissed and the relief therein sought denied. The time within which plaintiff was decreed a right to redeem has expired pending this appeal; and therefore this

phase of defendant's appeal presents a question which has now become moot. However, there was error in decreeing dismissal of defendant's cross-bill and denying of all relief therein sought. In its cross-bill defendant prayed that the claim of Mrs. Tuller of a right to redeem might be decreed to be barred and thus removed as a cloud upon the title to the property which defendant purchased at the foreclosure sale. This relief was sought upon "such terms as the court shall think proper." Since the court granted plaintiff the right to redeem on equitable conditions imposed, the decree also should have contained a provision that in the event of plaintiff's failure to so redeem the defendant would be granted the relief prayed in its cross-bill to the extent of having plaintiff's right of redemption decreed foreclosed and title to the property cleared of this claim.

Mr. Lew W. Tuller's personal affairs have been in the hands of a receiver since some time prior to the commencement of the foreclosure proceedings above mentioned. He was made a party defendant in such proceedings, but the bill of complaint did not make the receiver of Mr. Tuller's property a party in the foreclosure case. Mr. Tuller's receiver was made a party defendant in the instant case. He has answered and filed a cross-bill in which he seeks to have vacated and set aside the decree of foreclosure and the subsequent sale on the ground that it was not binding upon this receiver since the bill of complaint in the foreclosure proceedings did not make him a party defendant. From that portion of the decree in this case which denies this receiver the relief sought, he has also perfected an appeal. It appears from the record that, notwithstanding the receiver of Mr. Tuller's personal affairs was not made a defendant in the foreclosure bill, the re-

ceiver did appear as such and filed an answer in that case. For that reason the circuit judge in the instant case denied the receiver of Mr. Tuller the relief sought, on the ground that he voluntarily became a party to the foreclosure proceedings and was bound by the decree in that case. The circuit judge was right in so holding. A somewhat similar question was presented and decided in the recent case of *Manchure* v. *Wayside Oil Corp., ante,* 667.

Upon the filing of the bill of complaint herein, a receiver was appointed to take possession and have control and management of all the property of the Tuller Hotel Company covered by the trust mortgage and to continue the operation of the Tuller hotel as a going concern. And upon final decree such receivership was continued. In making disposition of the instant case we think it proper to say, although perhaps not necessary to the decision, that the trial court was in error in creating and in continuing the receivership. As above noted, plaintiff's inchoate right of dower did not entitle her to the possession nor the income from the property over which the receivership was created. On the contrary, the trust mortgage vested the trustee upon default under the mortgage with full power to take and hold possession of the mortgaged property. There is nothing alleged in this bill of complaint which would justify the court under the circumstances of this case in taking from the trustee or the receiver appointed in the foreclosure proceedings possession of the mortgaged property and placing it in the hands of a receiver for the benefit of either Mr. or Mrs. Tuller or for the protection of any property right asserted by either of them.

The foregoing disposes of all the meritorious questions presented in this appeal. However, in order that there may be no question whatever as to

Mrs. Tuller having had full opportunity to redeem the property in question, and notwithstanding the allegation in her bill of complaint of her inability so to do, an additional 30 days from the time of filing this opinion will be granted her within which to redeem on the conditions decreed by the circuit judge and payment of costs herein. In the event of such redemption, plaintiff will be entitled to an accounting for any and all profits derived from the conduct of the hotel business since the appointment of the receiver in the foreclosure proceedings.

Except as above stated, the decree entered in the circuit court is affirmed, with costs to the Detroit Trust Company against the plaintiff Narcissa Tuller and also against Harry A. Eberline as receiver of Lew W. Tuller. In the event of Mrs. Tuller's failure to redeem in accordance with the provisions hereinbefore contained, the Detroit Trust Company may take a decree which shall provide that Mrs. Tuller's right of redemption is foreclosed in accordance with the prayer of the trust company's cross-bill.

The case will be remanded to the circuit court for the discharge and final account of the receiver appointed in this cause.

CLARK, C. J., and McDONALD, POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.