## DAVIS v. MELSON ET AL.

1. **Evidence**: TITLE TO LAND: ADMISSIONS OF DECEASED ANCESTOR BINDING ON HEIR. Whenever the admissions of the ancestor would be admissible as evidence against him, if living, they are admissible against the heir claiming under him by descent. (*Wilson v. Patrick*, 34 Iowa, 362.) And so, the declarations of plaintiff's father, that he had sold the land in controversy, and which plaintiff claims to have inherited from him, were admissible against plaintiff in an action to redeem the land from a tax purchaser; and the fact that the father was not in possession of the land when the admissions were made was of no consequence.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, SEPTEMBER 23.

THIS is an action in equity by which plaintiff seeks to redeem forty acres of land from a tax sale. There was a decree for the defendants, and the plaintiff appeals.

*Geo. D. Porter*, for appellant.

*Tannehill & Fee*, for appellees.

ROTHROCK, J.—It appears from the record in the case that William Davis, the father of the plaintiff, on the fifth day of September, 1854, purchased from the United States the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 15, township 67, range 19. He was married to the plaintiff's mother on the eighth day of July, 1860, and he died July 20, 1861, and the plaintiff was born in the month of October, 1861. The land was sold for delinquent taxes in the year 1864. This action was commenced before the plaintiff arrived at the age of twenty-one years, and he claimed the right to redeem from the tax sale because of his minority.

The defendants claim that the plaintiff has no actual interest in the land, because, as they allege, the father of the plaintiff sold the land to one Andrew Lukenbeal on the eighth day of April, 1856, long before he was married to plaintiff's mother, and that he then attempted to convey the same to Lukenbeal, and that by mistake another forty acres, which he did not own, was described in the deed.

It appears in evidence that plaintiff's father conveyed to Lukenbeal two forty-acre tracts of land on the eighth day of April, 1856, and one of said tracts was described as the "southwest quarter of the *southeast* quarter of section 15, T. 67, R. 19." It further appears that the plaintiff's father never owned the last described land. It was purchased from the government by other parties, and never was claimed by the plaintiff's father. It further appears that the plaintiff's father was not a large land-holder. He was in limited circumstances in life, and when he died he left but little, if any

property. It further appears that on the same day that William Davis, plaintiff's father, conveyed the land to Lukenbeal, Robert C. Davis, the father of William, conveyed 190 acres to Lukenbeal, which cornered with the land in controversy. In addition to these facts, the defendants produced several witnesses who testified that William Davis repeatedly declared that he had sold the land in controversy to Lukenbeal. Some of these witnesses were not competent to testify to the declarations of the plaintiff's father, by reason of the provisions of section 3639 of the Code, because of their interest in the controversy. But, aside from these witnesses, it is shown by testimony of others that the plaintiff's father declared repeatedly that he had sold the land to Lukenbeal.

If these admissions and declarations were competent evidence, there can be no doubt that the plaintiff has no cause of action. He has nothing but the naked legal title of record, and if any one is entitled to redeem, it is Lukenbeal, or his grantee, who has a complete equitable title to the land. It is claimed, however, that the declarations of the plaintiff's father are inadmissible, and that they are not competent evidence as against the plaintiff, who is his son and heir. It seems to be conceded by appellant's counsel that the admissions of the father that he had sold the land to Lukenbeal would have been competent evidence if he had been in possession of the land when the admissions were made. We think, however, that possession is not a material question in the determination of the competency of the evidence as between these parties. As we understand it, the true rule is that, whenever the admissions of the ancestor would be admissible against him if living, they are admissible against the heir claiming under him by descent. 1 Greenl. Ev., § 189; *Wilson v. Patrick*, 34 Iowa, 362. Applying the rule to the case at bar, if the plaintiff's father were now living and claiming this land againt Lukenbeal, or one claiming under him, his admissions that he had sold the land to Lukenbeal

would be competent evidence, and the fact that he was not in possession of the land when he made the admissions would be of no consequence whatever, and, as is said in 1 Greenleaf, above cited: "The admissions are receivable in evidence against the representative in the same manner as they would have been against the party represented."

We think the decree of the circuit court should be

AFFIRMED.