BLOCK & POLLAK IRON COMPANY, Appellant, v. THE HOLCOMB-BROWN IRON COMPANY, P. M. JOYCE, H. G. HAMILTON, B. M. CAMPBELL, M. T. EVENS, RICHARD BROWN, J. F. HOLCOMB, J. J. FLEMING, Trustee, Appellees.

**Evidence:** INNOCENT PURCHASER: *Burden of proof.* The burden of proving that one is an innocent purchaser of real estate without notice of prior equities is originally upon the purchaser, but when he has proved his purchase and payment for the land, the *onus* is shifted to the person asserting the encumbrance, to show notice thereof, either express or implied, to the purchaser.

**RULE APPLIED:** *Lien on equitable title.* Where certain land, the equitable title to which was in a judgment debtor, had been, previous to the rendition of the judgment in question, conveyed by the holder of the legal title, in trust, to secure the payment of certain indebtedness of the equitable owner, and had, subsequently thereto, and after the satisfaction of such trust, been conveyed by the legal owner and such trustee to the grantor of the promoters of a certain corporation, to whom it was conveyed by him in good faith, in consideration of a certain amount of stock of such corporation, without notice of such equitable ownership on the

part of the judgment debtor, or of the fact that the judgment creditor claimed a lien thereon, such subsequent purchasers were entitled to protection as against such judgment creditor.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

SATURDAY, MAY 21, 1898.

SUIT in equity to declare a judgment held by plaintiff a lien upon certain lands, the legal title to which is in defendants Joyce, Hamilton, Campbell, and Evans, and to subject said land to the payment of the judgment. Defendants deny that plaintiff's judgment was ever a lien upon the property, deny that the defendants in judgment ever owned or had any interest in the land, and further plead that they are innocent purchasers for value. The trial court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*Smyth & Lewald* for appellant.

*E. S. Huston* for appellees.

DEEMER, C. J.—The defendant in judgment is the Holcomb-Brown Iron Company. It never had legal title to the lands. Claim is made that it at all times was the equitable owner, and that plaintiff's judgment is or should be made a lien thereon. John F. Holcomb held the legal title from January 27, 1891, to June 3, 1892, when he conveyed to Fleming as trustee. This deed was made to secure about four thousand dollars of the indebtedness of the Holcomb-Brown Iron Company to Richard Brown, the National State Bank, and others. In May of 1894, Holcomb quit-claimed the property to Brown, and Fleming, trustee, conveyed to him, June 12, 1894, by special warranty deed reciting that Holcomb had conveyed, and requested him to; and, the

trust being satisfied, he accordingly did so. On June 23, 1894, Brown conveyed to Joyce, Hamilton, and others, the expressed consideration being thirty thousand dollars. This was paid by the delivery of thirty thousand dollars of stock in the Western Iron & Steel Company to Brown. The grantees in the Brown deed were promoters of this last-named company, which is a corporation. Appellant's judgment was rendered March 3, 1894.

We are satisfied that Holcomb held the property in trust for the benefit of the Holcomb-Brown Company, and that the conveyances to Fleming, trustee, and to Brown, were made to secure the creditors of that corporation, among whom were the National State Bank and Brown himself, who, it appears, had made large advancements to the corporation. We are further convinced that Brown conveyed to Joyce and others, in consideration of thirty thousand dollars in stock in the Western Iron & Steel Company, and that, while he may have held the property in trust, yet, when appellees purchased, the records disclosed absolute title in Brown, and that the trust impressed upon the land by the conveyance to Fleming had been discharged. It is clear that when Holcomb conveyed to Fleming as trustee there was no lien upon the land, and, as this conveyance was made for the benefit of the bank, Brown, and others, the conveyances by Holcomb and Fleming, the trustee, were in execution of that trust, and related back to the making of the original trust deed. Brown's interest was, therefore, prior and superior to the lien of plaintiff's judgment, conceding such judgment to have been a lien from the time of its rendition.

As no question is made regarding the *bona fides* of the indebtedness to the bank or to Brown, it is clear that Brown, if he held the title, would be entitled to

have his claim, whatever it may be, preferred over that of the appellant. *Agency Co. v. Bush,* 84 Iowa, 272. But, as Brown knew that the property belonged in equity to the Holcomb-Brown Iron Company, when he took his conveyance, the appellant's judgment, when recovered, would, as to him, be a lien upon the property. When appellees Joyce, Hamilton, and others purchased the property the records showed the legal title to be in Brown. A judgment rendered against the Holcomb-Brown Iron Company while Brown held the legal title would not be a lien against the property in such sense as to charge subsequent *bona fide* purchasers without notice. *Hultz v. Zollars,* 39 Iowa, 589; *Stadler v. Allen,* 44 Iowa, 198. Campbell, Evans, and Hamilton each testified that he did not know of plaintiff's claim or judgment, and did not know that the Holcomb-Brown Company ever owned any interest in the property, or made any claim thereto. Joyce withdrew his appearance, and default was entered as to him; but there is no showing of any knowledge on his part of appellant's claim, or of the equitable ownership of the Holcomb-Brown Company. In the case of *Bank v. Fletcher,* 44 Iowa, 252, it is said: "Whoever purchases real property of the person holding the legal title, and takes a conveyance of the property without notice of outstanding equities, and pays a valuable consideration, takes it devested of such equities, and, of course, of all liens on such equities." The conveyance to Joyce and others was evidently in trust for the corporation of which they were promoters, and this corporation is now the beneficial owner of the property. There is no evidence of notice to any of these promoters,—indeed, the contrary appears,—and no evidence that the corporation had any notice whatever. "While, as a general rule, the burden of proving that one is an innocent purchaser without notice of prior equities is upon the purchaser,

yet, when the subsequent purchaser has proved his purchase, and payment for the land, the *o us* is shifted to the person asserting the equity or incumbrance to show notice thereof to the purchaser; that is, either actual notice or knowledge of such facts as would put an ordinarily prudent man upon inquiry, which, if followed up, would have led to the discovery of the equity or incumbrance." Jones, Real Property, section 1526, and cases cited. Appellant has entirely failed to produce such evidence, and defendants' title should be protected.—AFFIRMED.