J. W. WALTER AND L. A. WATTS, Appellants, v. LOUISA A. D. BROWN et al.

Good Faith Buyer: [1] UNRECORDED MORGAGE: *Burden of proof as to notice.* On an issue whether a grantee of land had notice of a prior unrecorded mortgage, the burden of showing such notice is on the one claiming under the mortgage.

DECLARATIONS OF GRANTEE IN POSSESSION:   *Bind his grantee.*   Declarations of a grantee of land in possession that he knew of a prior unrecorded mortgage at the time that he purchased are admissible against his grantee.

*Appeal from Monona District Court.*—HON. WILLIAM HUTCHINSON, Judge.

FRIDAY, JANUARY 24, 1902.

ACTION to foreclose a mortgage executed by B. F. Brown and wife to plaintiffs May 1, 1897, but not recorded until December 1st of that year. Brown conveyed the land to Meyers November 1, 1897, and the deed was recorded the next day. The defendant Holmes claims under Meyers. Judgment was entered against Brown and wife, and at the following term, upon hearing, the petition was dismissed as to other defendants. The plaintiffs appeal.—*Affirmed.*

*J. W. Walter* and *W. P. Briggs* for appellants.

*F. F. Faville* for appellees.

LADD, C. J.—The mortgage executed by Brown to Walter and Watts was not recorded until long after the former had conveyed the land to Meyers, though before the deed of Meyers to defendant Holmes was filed. The integrity of the sale to Meyers, and the payment of value by him, were established by the evidence. The main issue to be determined is whether he took with notice of the unrecorded mortgage. With respect thereto each party contends the burden of proof is upon the other. The point does not appear to have been decided in *Sillyman v. King,* 36 Iowa, 207. There the purchaser took under a quitclaim deed which recited a consideration, and the question passed upon was whether this was enough, *prima facie,* to establish payment of value. The court responded in the negative, and declared the burden of proof to show actual

payment to be on the subsequent purchaser. What was said concerning want of notice was evidently incidental to determining this question. The same rule was laid down in *Nolan v. Grant,* 53 Iowa, 392; *Kibby v. Harsh,* 61 Iowa, 196; *Fogg v. Holcomb,* 64 Iowa, 621; *Hannan v. Siedentopf,* 113 Iowa, 659. In each may be found a general statement to the effect that the burden of proof is upon a subsequent purchaser to show payment of value without notice. But in the first three the issue as to payment of value alone was involved, and in the last the purchaser was held to have taken with constructive notice. See, also, *Hume v. Franzen,* 73 Iowa, 25. In *Gardner v. Early,* 72 Iowa, 518, payment of value is again coupled with absence of notice, in stating the rule with respect to burden of proof; but there it was held that notice of the prior conveyance to subsequent purchaser had been established by a very decided preponderance of the evidence. We do not think it the intention of the court in any of the cases cited to overrule the early decision of *McCormick v. Leonard,* 38 Iowa, 272, followed and approved in *Hoskins v. Carter,* 66 Iowa, 638. The general rule, as stated in them, that a subsequent purchaser, to be entitled to protection, must appear to have paid value, without notice of the prior unrecorded conveyance, is undoubtedly correct. The defect lies in loosely coupling the two requisites, without proper discrimination in determining by whom each must be established. In the two cases last cited it was definitely held that, "in a contest between the holder of a prior mortgage, but which is recorded after a subsequently executed mortgage, the burden of proof to show that the latter had notice of the prior mortgage is on the holder of the last named mortgage." In *Block v. Pollak Iron Co. v. Holcomb-Brown Iron Co.,* 105 Iowa, 624, the true rule, as declared by most of the authorities, was quoted with approval from, Jones on Real Propery: "While, as a general rule, the burden of proving one is an innocent purchaser, without notice of prior equities, is upon the purchaser, yet, when the subsequent purchaser has proved his

purchase, and payment for the land, the onus is shifted to the person asserting the equity or incumbrance to show notice thereof to the purchaser; that is, either actual notice, or knowledge of such facts as would put an ordinarily prudent man upon inquiry, which, if followed up, would have led to the discovery of the equity or incumbrance." And to this effect are the following authorities: *Shotwell v. Harrison,* 22 Mich. 410; *Brown v. Welch,* 18 Ill. 343 (68 Am. Dec. 549); *Center v. Bank,* 22 Ala. 743; *Bush v. Golden,* 17 Conn. 594; *Spofford v. Weston,* 29 Me. 140; *Morris v. Daniels,* 35 Ohio, St. 406; *Gratz v. Improvement Co.,* 27 C. C. A. 305 (82 Fed. Rep. 381, 40 L. R. A. 393); *Hoyt v. Jones,* 31 Wis. 389. The record is kept for the purpose of giving exact information of titles to all persons concerned in any way therewith. "Prudent men, when about to purchase, always examine the records to ascertain if the title be in the vendor, and whether it is incumbered; and, if they find the vendor has the title and it is unincumbered, they imagine themselves secure, and do not hesitate to close the bargain and pay the consideration agreed upon." *Hoyt v. Jones, supra.* By withholding from the record the mortgage, which was in their exclusive possession, Walter and Watts adopted the language of the record, and allowed it to exemplify the condition of the title to subsequent purchasers for value. By acquiescence and silent admission, at least, they thereby tacitly represented to the world, or any one proposing to acquire an interest in the land, having no knowledge to the contrary, that Brown was the owner of the title, free from incumbrance. This being true the subsequent purchaser Holmes, ought not to be required to negative actual notice, which is material only because of the omission of the mortgagees. Moreover, the fact of notice is affirmative in its nature, and it is the more reasonable to require it to be shown by the party claiming under the prior unrecorded deed or mortgage, than to call upon the subsequent purchaser to prove a negative.

II.   Both Walter and Watts testified that about six weeks after the conveyance to Meyers they called on the latter, and that he, in response to a direct question, admitted knowledge of their mortgage at the time he bought the land.   As Meyers and defendant are privies in estate, and equally interested, evidence of these declarations of the former, made while seised of the land, in disparagement of his title, not in contradiction of the record title was clearly admissible.   1 Greenleaf, Evidence, sections 189, 190; *Robinson v. Robinson,* 22 Iowa, 427; *Davis v. Melson,* 66 Iowa, 715; *Norton v. Pettibone,* 7 Conn. 319 (18 Am. Dec. 116); 1 Am. & Eng. Enc. Law, 680.   Meyers testified that in buying he had no knowledge of plaintiffs' mortgage, and that he had denied knowing anything of it in the conversation referred to.   All the witnesses were before the district court, and in view of this, and the possible inffirmities of evidence of admissions, we ought not to say that there was error in holding that notice to the subsequent purchaser had not been established by a preponderance of the evidence.—*Affirmed.*