EMILY E. HUTCHINSON, Appellant, v. FRANK OLBERDING ET AL., Appellees.

Dower: RECOVERY OF: PLEADINGS. A petition in an action to recover a dower interest in real property, based on an unrecorded contract with the husband and by him alone transferred, which fails to allege in terms, or by fair implication, that defendant was a purchaser with notice of plaintiff's rights is fatally defective.

*Appeal from Carroll District Court.*— HON. F. M. POWERS, Judge.

WEDNESDAY, JULY 3, 1907.

REHEARING DENIED, TUESDAY, NOVEMBER 19, 1907.

ACTION in equity by plaintiff, as the widow of George E. Hutchinson, to have her dower interest in certain lands established and set off. The defendants interposed a general demurrer, and this was sustained. Plaintiff elected to stand

on the ruling, and she appealed from the judgment dismissing her petition and for costs.— *Affirmed.*

*Geo. W. Paine,* for appellant.

*W. C. Saul,* for appellees.

BISHOP, J.— Briefly stated as may be, the facts disclosed by the petition and upon which reliance is placed are these: Plaintiff and George E. Hutchinson were married in the year 1858, and the latter died in the year 1904, plaintiff alone surviving him.    In June, 1870, the Iowa Railroad Land Company was the owner in fee of a full section of land situated in Carroll county, being the land in controversy. During the month named the land company contracted in writing to sell and convey all said land to one I. N. Voris; a separate contract being executed for each of the sixteen forty-acre tracts.    The consideration to be paid by Voris as specified was $7 per acre, to be paid $1 per acre on the execution of the contracts, and $1 per acre annually for six years, with interest.    Subsequently, as alleged, Voris assigned in writing said contracts to George E. Hutchinson and one E. L. Dexter jointly.    And the allegation follows that said Hutchinson and Dexter took possession of the lands under the assignment to them of the contracts, and "expended money in breaking out and improving the same," and that they paid the taxes assessed thereon.    Further alleging, it is said that thereafter Hutchinson and Dexter assigned in writing to James Folsom.    It may be remarked in passing that the pleading contains no reference to the dates of these several assignments.    In June, 1876, Folsom made payment of the full amount due on said contracts, and a warranty deed was executed and delivered to him by the land company, which deed was at once made matter of record.    From an abstract of title, attached to and made a part of the petition, it appears that said contracts were not made matters of record, nor were the respective assignments

thereof. Thereafter Folsom conveyed by warranty deed to one Daniels, and the latter, in like manner, conveyed separate portions of the section to the defendants Olberding et al. Appellees point out the fact that there is no allegation in the petition of any payment of principal or interest made on the contracts by Hutchinson and Dexter, so, also, that there is no allegation that the defendants and present owners of the fee title to the lands had any actual knowledge respecting said contracts, or of anything done as alleged thereunder.

It is said by appellee that it does not appear from the petition that plaintiff has or claims to have any interest in the lands, nor does it appear what is the extent or quantity of the estate she claims. Certainly this position is not well taken. Under our statute one-third of all the " legal and equitable estates in real property " possessed by the husband during coverture, with certain exceptions not necessary to be here noticed, shall be set apart to his widow as her property in fee simple. Code, section 3368. And that a title bond, or contract for deed, must be given effect to create an equitable " estate in real property," is not in our view open to question. But our reading of the petition does not disclose any allegation wherein it is asserted, in terms or by fair implication, that defendants were purchasers with notice of the claim as now made on behalf of plaintiff. Now, under the recording act, a purchaser of real estate who acts in good faith, pays value, and without notice will take good title as against a hidden equity, and it is for the owner of the equity to allege and prove that the purchase was without notice. *Walter v. Brown,* 115 Iowa, 362.

As the petition contains no such averment, the demurrer was properly sustained. It follows that the judgment must be, and it is, *affirmed.*