## McNEIL v. McNEIL et al.

No. 3850. Decided December 20, 1922. (211 Pac. 988.)

1. EVIDENCE—JUDICIAL NOTICE TAKEN OF STATE'S CERTIFICATE OF SALE OF LAND. Judicial notice will be taken of the provisions of a certificate of sale of state lands issued by the state, by reason of its being issued in accordance with authority and direction of statutes.

2. DOWER—HELD NOT TO ATTACH TO HUSBAND'S RIGHT UNDER CERTIFICATE OF SALE OF STATE LAND WHERE CONVEYED BEFORE FINAL INSTALLMENT PAYMENT. Where defendant holding a certificate of sale of state lands issued by the state, calling for payment in 10 annual installments, before completing payment of installments, agreed with plaintiff to convey a half interest in the lands on condition that plaintiff should complete the payments, and plaintiff performed his agreement and defendant received a state patent and held the legal title to the lands, he held such legal title free from any dower rights of his wife, under Comp. Laws 1917, § 6406, as trustee for plaintiff.[1]

3. SPECIFIC PERFORMANCE—EACH CASE DEPENDS ON ITS OWN EQUITIES. The right to specific performance depends, not upon hard and fast rules according to which all cases are to be decided, but each case is dependent upon its own peculiar facts and circumstances.[2]

[1] *Young* v. *Corless*, 56 Utah, 564, 191 Pac. 647; *Parks' Estate*, 31 Utah, 261, 87 Pac. 900; *Free* v. *Little*, 31 Utah, 449, 88 Pac. 407.

[2] *Free* v. *Little*, 31 Utah, 449, 88 Pac. 407.

4.  SPECIFIC PERFORMANCE—VENDOR MAY BE REQUIRED TO CONVEY
    SUBJECT TO DOWER.  Where lands, sold by vendor by contract
    in which wife did not join and refuses to carry out, is incum-
    bered by an inchoate right of dower, he should be required to
    convey the interest he has in the lands, subject to such right
    of dower.

Appeal from District Court, Second District, Davis
County; *J. N. Kimball,* Judge.

Action by George McNeil against William R. McNeil and
another. From judgment and decree for plaintiff, the named
defendant appeals.

AFFIRMED.

*H. A. Smith & Son,* of Salt Lake City, for appellant.

*A. A. Duncan,* of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff brought this action in the district court seeking
to compel specific performance of a written contract entered
into between himself and the defendant William R. McNeil
for the conveyance of certain real property situate in what
is known as North Canyon in Davis county, Utah.

The admitted facts upon which the judgment and decree
of the district court were predicated are substantially as
follows:

On August 1, 1902, the defendant William R. McNeil en-
tered into a contract with the state of Utah, acting through
the State Board of Land Commissioners, for the purchase
of the lands at a stipulated price to be paid in 10 annual
installments with interest; said contract being designated as
a certificate of sale, under the terms and conditions of which
said defendant was to have possession of the lands so long as
he complied with its terms and conditions. The defendant
Elizabeth McNeil did not become a party to said contract

or certificate of sale by executing the same nor by taking any part in said transaction, although she and the said defendant William R. McNeil were then, and ever since have continued to be, husband and wife and actual and bona fide residents of the state of Utah.

On December 27, 1905, and after the defendant William R. McNeil had paid the first two of the installments under the terms of said certificate of sale, and while the same was in full force and effect, the plaintiff and the defendant William R. McNeil, without the defendant Elizabeth McNeil, entered into a written contract whereby the plaintiff promised to pay the balance of the principal sum and interest owing to the state of Utah on the purchase price of the land under said certificate of sale, at the times and in the manner therein specified, in consideration of which the defendant William R. McNeil agreed to convey an undivided one-half of said land to the plaintiff.

Thereafter the plaintiff paid the annual installments, 8 in number, with interest as provided for by the terms of said certificate of sale, with the exception of the last only, which, by reason of a subsequent mutual arrangement or agreement between the parties, was paid by defendant William R. McNeil on account of certain other considerations not material here moving from the plaintiff to said defendant. Thereafter, full payment having been made to the state of Utah for said lands in the manner aforesaid, on January 30, 1913, the state of Utah by its deed or letters patent conveyed the lands in fee simple to the defendant William R. McNeil, who has ever since been and now is the holder of the legal and record title to the said lands.

On or about July 29, 1920, the plaintiff demanded that the said defendant William R. McNeil convey to him an undivided one-half of said lands in compliance with his said agreement with the plaintiff so to do, but the defendant then refused, and ever since has refused, to comply with the demand.

It is also made to appear that the defendant Elizabeth McNeil, who was not a party to any of the aforesaid agree-

ments, now, as the wife of the defendant William R. McNeil while living and maintaining with him a residence ·in this state, claims that she has, under our statutes, an inchoate right or interest in said lands. It also appears that the plaintiff entered into said contracts with full knowledge of the marriage relationship and residence of the defendants.

Upon findings made in accordance with the foregoing facts, the trial court concluded that the plaintiff's action, as to the defendant Elizabeth McNeil, should be dismissed, but that the defendant William R. McNeil should be required to convey an undivided one-half part or interest in and to said lands to plaintiff. Judgment and decree was entered accordingly, from which the defendant William R. McNeil alone appeals.

Appellant assails the conclusions of law and the judgment and decree of the district court upon the grounds that they are not supported by the findings and that they are against law.

Appellant contends that upon the execution of the contract or certificate of sale by the state of Utah to himself he became an equitable owner of the lands therein described and that under the provisions of section 6406, Comp. Laws Utah 1917, an inchoate interest equal to one-third of the value thereof immediately attached in favor of his wife and codefendant, Elizabeth McNeil. Therefore, by reason of the plaintiff having subsequently entered into a contract with him alone and with knowledge of the facts, a court of equity should not have decreed that he specifically perform his contract with the plaintiff.

Said section 6406, in so far as the same becomes material here, provides:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him. * * *"

While the certificate of sale issued by the state of Utah to the appellant has not been made a part of the record on appeal, we take judicial notice of its provisions by

reason of its being issued in accordance with authority and direction of our statutes. Its provisions are to the effect that upon failure to pay the annual installments of the purchase price for the lands, the purchaser forfeits all rights under it and every interest in the lands reverts to the state.

In the case of *Young* v. *Corless,* 56 Utah, 564, 191 Pac. 647, where the provisions of the same kind of a certificate were under consideration by this court, it was held that the owner thereof was possessed with an equitable estate of inheritance in the land "one that could be mortgaged, one that would descend to his heirs, and such as could be alienated or incumbered as other real estate." Counsel have cited us to the following cases which hold to the same effect: *Robertson* v. *Howard,* 82 Kan. 588, 109 Pac. 696; *Hutchinson* v. *Olberding,* 136 Iowa, 346, 112 N. W. 647. Nevertheless, under statutes like or similar to ours, we think it must be held that before a wife will be entitled to a dower interest in the equitable estate of her husband under a purely executory contract, such as we now have under consideration, three things must concur: First, the equitable estate in the lands must be of such a character that a court of equity would have compelled a conveyance of the legal title to the husband during his lifetime; secondly, and as a corollary to the first, performance of the conditions of the contract before alienation of the husband's rights under it; thirdly, the wife's survival of the husband. It is apparent that the mere holding of such a contract in and of itself does not invest the holder with any interest, legal or equitable, in the lands for which a conveyance can be had until its conditions are fully complied with. Under the express terms of the contract, upon the failure of the holder to make payment of any one of the installments, the lands revert to the state and the right to conveyance forever ceases. The inchoate right of a wife to dower under section 6406, in the very nature of things, upon nonpayment of installments must likewise cease, because no right to or interest in the lands remains to which it might ultimately

attach. The law applicable to contracts of this nature is aptly stated in 19 C. J. p. 475, § 57, to be:

"The general rule is that, if the estate of the husband is in its own nature an estate of inheritance, the fact that it has a determinable quality attached to it will not prevent the inception of a right of dower; but when that estate by reason of its determinable quality is avoided or defeated the right of dower falls with it."

Our statute, section 6406, with respect to the dower rights of the wife in the legal or equitable estates of the husband, was copied after the Iowa statute. See McClain's Ann. C. 1888, § 3644*. That the Iowa courts have recognized the rule above stated, see *Sullivan* v. *Sullivan,* 139 Iowa, 679, 117 N. W. 1086, 22 L. R. A. (N. S:) 691. Conceding that the appellant under his contract with the state was possessed with such an estate of inheritance that upon payment of the purchase price of the lands the inchoate right to dower in the same might ultimately attach, the undisputed fact remains that before completing the payment of the purchase price in installments as called for by the contract he entered into an agreement with the plaintiff to convey an undivided one-half interest in the lands upon the express condition that the plaintiff should complete the payments and thereby preclude a forfeiture under said contract with the state. It is further shown that the plaintiff has on his part fully performed said agreement and that the defendant has received from the state a patent for the lands, and is now the holder of the legal title therefor.

Applying the rules of law heretofore announced to the admitted facts and circumstances attending this case, we think the appellant in taking a deed from the state of Utah became, as to the undivided one-half interest in the lands he had theretofore agreed to convey to plaintiff the holder of the naked legal title only, and that he now holds the same, free from any and all dower rights by reason of the statute he now invokes, as a trustee for the plaintiff. The following cases support this view: *Sullivan* v. *Sullivan,* supra; *Langworthy* v. *Heeb,* 46 Iowa, 64; *Johnston* v. *Jickling,* 141 Iowa, 444, 119 N. W. 746; *Beebe* v. *Lyle,* 73 Mich. 115, 40 N. W. 944. Furthermore, we find

nothing in this record which commends to a court of equity the attitude of the appellant in refusing to convey to the plaintiff an undivided one-half interest in the lands in accordance with his contract. Counsel for appellant in their brief place much stress, indeed they say they rely, upon the language used by this court in deciding the cases of *Parks' Estate,* 31 Utah, 261, 87 Pac. 900, and *Free* v. *Little,* 31 Utah, 449, 88 Pac. 407, as authorities supporting their contentions that the trial court erred in decreeing specific performance. The facts and circumstances in those cases very materially differ from those of the case at bar.

In the Parks Case the surviving widow was seeking to recover in a lump sum from the estate of the deceased husband one-third in value of the lands conveyed by him, during the marriage, without her consent. The court there said:

"That the inchoate contingent interest of the wife in her husband's lands is in the nature of an incumbrance which may or may not become an absolute and enforceable right dependent upon the one fact that she survives her husband. This incumbrance is against the land, and exists against each specific parcel while the right remains inchoate. Neither is the right changed when it becomes vested and enforceable upon the death of the husband, so that it may be shifted at the pleasure of the wife from one parcel to another, or against one grantee, and not against another. The interest of the wife is in the land itself to be apportioned to her one-third in value out of each parcel."

*Free* v. *Little* was an action for specific performance based upon a written option or agreement for the sale of real property, to which the wife of the vendor had not become a party. The material facts found by the court were: The vendor was the owner in fee of the lands at the time the agreement to convey was entered into. After the death of the vendor and before the purchase price had been paid by the vendee, the probate court took jurisdiction over the property as a part of the estate of the vendor. The vendee presented no claim against the estate of the deceased vendor during the course of administration nor until after the court had distributed the lands to heirs as a part of the estate of the vendor. Numerous other legal and equitable considerations had also become operative against the vendee

which, as a matter of justice and right, precluded specific performance of the agreement that had been entered into between the vendor and the vendee. One of the questions involved was the widow's right of dower under our statute, section 6406. In speaking of that Mr. Justice Frick, the writer of the opinion, used this language, which the appellant contends applies to the facts in the case we now have under consideration:

"While the authorities are not in harmony respecting the right of specific performance where a husband alone agreed to sell or convey without the consent of the wife, we think there is no substantial conflict where, as in this case, it appears that the purchaser at the time the contract was entered into knew that the vendor was a married man, and where there is neither fraud, misrepresentation, nor concealment. To enact a law giving the wife an interest in the husband's real estate which he can neither barter, sell, or convey without her consent, would be but an idle ceremony if the courts compelled specific performance against either the wife or those claiming under her or against the husband if living. The purchaser buys with full knowledge of both the interest as fixed by law and of his vendor's legal status. * * * In view of the law as stated in the foregoing authorities, it is quite clear that an action for specific performance of the writing in question against James T. Little, if alive, could not be enforced, and the right to do so against the appellants is certainly no stronger in equity than it would be against him."

We need only point out that in the cases above referred to and relied upon by appellant in each instance the husband's title to the lands he was agreeing to convey was perfect and complete. In neither case was title **3** of the vendor dependent upon the terms of an executory contract under which he himself could not have compelled specific performance. As was further said by this court in *Free* v. *Little,* supra:

"The right to specific performance depends, not upon hard and fast rules according to which all cases are to be decided, but each case is dependent upon its own peculiar facts and circumstances. While the right is to be governed by general rules and principles of equity, each case, nevertheless, must be determined upon its own inherent equities."

In the last analysis of this case there is nothing presented on the part of appellant that should appeal to the equity

and good conscience of any court. At the time appellant entered into the contract in question, he had absolutely no equitable interest for which he could have compelled a conveyance from the state of Utah nor until the plaintiff had completed payment of the purchase price in accordance with the contract. As a matter of justice and right he should not now be heard to say that the statute precludes him from carrying out his agreement with the plaintiff. If this was a case in which he held the legal title incumbered by an inchoate right of dower even then he should be required to convey the interest he has in the lands, subject to such rigth of dower. Such, however, is not the case.

Let the judgment and decree of the district court stand affirmed, with costs to respondent. It is so ordered.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.