GIGLIOTTO v. ALBERGO et al.

No. 6295.   Decided August 2, 1941.   (115 P. 2d 791.)

*Harley W. Gustin,* of Salt Lake City, for appellant.

*Marl D. Gibson,* of Price, for respondents.

McDONOUGH, Justice.

Appellant brought an action in the district court to quiet title to certain real property located in Carbon County, Utah. Respondents answered, denying that appellant was the owner of the property mentioned, and by way of counterclaim alleged that he was the owner thereof and sought to have title quieted in him. From a judgment in favor of respondents, determining that "Leopoldo Albergo is the owner in fee simple and is entitled to the immediate possession" of all the property involved in the litigation, this appeal was taken.

The following questions have been presented for our determination by the assignments of error: (1) What was the nature and extent of appellant's interest, if any, in the

property prior to foreclosure proceedings; (2) Did the foreclosure proceedings cut off or extinguish any interest appellant may have had in the property.

The present litigation arose out of a foreclosure suit commenced by respondent, Leopoldo Albergo, against appellant's husband, Rosario, the latter's parents, Stella Felice Gigliotti and Maria Gigliotti, and other third parties. That case was appealed to this court, our decision being reported in *Albergo v. Gigliotti*, 96 Utah 170, 85 P. 2d 107, 129 A. L. R. 967. The entire file in the former action was introduced in evidence in the present case by appellant and, therefore, forms a part of the record on appeal.

In 1927 Felice W. Gigliotti and Maria Gigliotti, his wife, mortgaged the premises here in dispute to respondent Albergo. Subsequently in 1931 the mortgagors entered into a contract of sale with their son, Rosario, involving the same property. Said contract of sale was recorded. At that time Rosario Gigliotti was married to appellant and the two moved in and occupied the property with the elderly Gigliottis. Under the contract of sale Rosario agreed to pay and be liable for the mortgage to Albergo.

Prior to the mortgage foreclosure suit the Gigliottis permitted the property to be sold to the county for taxes. Then on July 11, 1936, subsequent to the May Sale, a quitclaim deed running to the two elderly Gigliottis and Rosario was procured from the county. Said deed was recorded July 16, 1936. Two days later, the Albergos filed a lis pendens and commenced their foreclosure action on the property here involved. On July 28, 1936, ten days after the commencement of such action, a quitclaim deed from the elderly Gigliottis to Rosario covering the mortgaged property was recorded. On February 18, 1939, nearly three years later, a quitclaim deed from Rosario and his parents to appellant covering the same premises was recorded. This deed was dated July 17, 1936, one day subsequent to the recording of the quitclaim deed from the county to the three Gogliottis and one day prior to the filing of the lis pendens and commencement of the foreclosure action by the Albergos.

Having set forth the pertinent facts, we proceed to a consideration of the questions raised by the assignments of error as set out above. From the foregoing statement of the facts it is apparent that any interest in the property involved could have been acquired by appellant in two ways only, to-wit: by direct conveyance, or through an interest therein in Rosario Gigliotti to which her inchoate statutory right of dower as his wife would attach.

Concerning the two quitclaim deeds, one running to Rosario from his parents and recorded July 28, 1936, and the other running to appellant from the other three Gigliottis and recorded February 18, 1939: It is clear that no interest was acquired by appellant by virtue ■ thereof which gave her any rights superior to respondent's mortgage, or which would require that she be made a party defendant in the foreclosure proceeding. On the latter point, Section 104-55-3, R. S. U. 1933, is controlling. That section reads:

"No person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action, and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

Under such provision, appellant's interest, acquired by virtue of the two quitclaim deeds recorded subsequent to the commencement of the foreclosure suit, was as effectively cut off by the foreclosure suit as it would be had she been made a party. Whether she had some interest in the property, either by virtue of these deeds or otherwise, which the foreclosure proceedings could not cut off or extinguish, even though she were a party, will be adverted to hereinafter.

Did appellant acquire any interest in the property by virtue of the recorded contract of sale between her husband Rosario and his parents? We think not. This contract of

sale was executory and no title was conveyed to Rosario by virtue thereof or pursuant thereto. The court found that the parties to the contract repudiated and abandoned said contract, and the record amply supports such finding. The only interest with which appellant could have at any time been vested by virtue of this contract of sale to which she was not a party was her statutory inchoate right of dower. Where a husband transfers such a contract before he is in a position to compel a conveyance to himself by virtue of full performance on his part, the widow is not entitled to dower. See *McNeil* v. *McNeil*, 61 Utah 141, 211 P. 988; *Sullivan* v. *Sullivan*, 139 Iowa 679, 117 N. W. 1086, 22 L. R. A., N. S., 691; Tiffany on Real Property, Third Edition, Vol. 2, § 498, pp. 498, 499. See also annotation on the subject in 66 A. L. R. 65, et seq. Abandonment of the contract before performance would, of course, work the same result.

It is claimed by appellant, however, that when the property was sold for taxes the county became the owner; that consequently, when the latter subsequently conveyed by quitclaim deed to Rosario and his parents, a new title was initiated in them, free and clear of the mortgage; and that either by their subsequent conveyance to appellant or by virtue of her marriage status at the time of the conveyance by the county to the Gigliottis, she became vested with an interest in the property, which interest was not and in fact could not be wiped out by foreclosure proceedings.

That the quitclaim deed from the county did not give the Gigliottis any title free and clear of the mortgage was our holding in *Albergo* v. *Gigliotti*, supra. We there said [96 Utah 170, 85 P. 2d 112, 129 A. L. R. 967]:

"* * * the deed from the county ran to those who had the duty to pay the taxes and who claimed to be owners of the property. 'The purchase by them made their title no better, no stronger.' *Hadlock* v. *Benjamin Drainage District*, supra [89 Utah 94, 53 P. (2d) 1156, 106 A. L. R. 876]."

It therefore follows that any interest which appellant may have acquired by virtue of the quitclaim deeds, either to herself or to her husband (other than the deed from the county to the latter) could not have been in the foreclosure proceedings successfully asserted by her against the mortgagee. And thus any interest she may have acquired thereby was cut off by the foreclosure proceedings just as effectively as if she had been made a party. See Section 104-55-3, hereinabove quoted.

Her inchoate statutory right of dower, in so far as it depended upon title acquired by the husband through the quitclaim deed from his parents to him, would fall with his unrecorded title upon foreclosure and the expiration of the period of redemption. To hold otherwise would defeat the purpose of the statute (§ 104-55-3 quoted above), by virtue of which the mortgagee may rely on the record as to any conveyance made by or under the mortgagor prior to commencement of the suit to foreclose. It would be inconsistent with such statute to hold the holder of an unrecorded deed from the mortgagor bound by the foreclosure, and at the same time adjudge a right derived from the title acquired by such deed not thereby concluded.

We are next confronted with the question as to whether her statutory dower right is assertable by virtue of the quitclaim deed from the county to Rosario and his parents, recorded, as hereinabove noted, prior to the commencement of the foreclosure action. As Rosario's wife she would, had he obtained a title assertable against the mortgage, be vested with an inchoate right of dower in her husband's undivided one-third interest in the premises, by virtue of statute. And even though Rosario's interest was not free and clear of the Albergo mortgage as hereinabove noted, which interest was foreclosed by the mortgage foreclosure proceedings, nevertheless the question remains as to her inchoate right where she was not made a party to those proceedings. As to the effect in some jurisdictions on a wife's inchoate right of dower in property subject to a mortgage executed

prior to the time such right attached where she is not made a party to foreclosure proceedings, see *Tuller* v. *Detroit Trust Co.*, 259 Mich. 670, 244 N. W. 197; and *Bigoness* v. *Hibbard*, 267 Ill. 301, 108 N. E. 294.

However, we need not at this time determine the effect of not joining the wife of a person owning an interest in real property subject to a mortgage, prior to the time dower attached, since, for other reasons, we must conclude that appellant acquired nothing by virtue of the quitclaim deed from the county to her husband and his parents. The lower court found, both in the foreclosure suit and in the present action, that the elderly Gigliottis and Rosario conspired together and in an attempt to cheat and defraud Albergo of his mortgage security permitted the property to go to auditor's deed and then subsequently in furtherance of that plan purchased the property from the county.

On appeal in the foreclosure action, this court found it unnecessary to pass upon the validity of the finding of the trial court that the Gigliottis were guilty of fraud. But in the present case we must hold that the trial court's findings herein to this effect have support in the evidence, and therefore the quitclaim deed from the county to the Gigliottis vested Rosario with no interest to which appellant's inchoate right of dower could attach, where this fraud is subsequently shown to invalidate such quitclaim deed.

From what has been said above, it follows that appellant's further contention that she has a right of homestead in the premises is untenable. Neither she nor her husband had any interest in the property which was not subject to the mortgage and foreclosed by mortgage foreclosure action.

It follows that the judgment of the lower court should be affirmed. It is so ordered. Costs to respondents.

MOFFAT, C. J., and WOLFE, LARSON, and PRATT, JJ., concur.