## FEDERAL LAND BANK OF BERKELEY
### v. SORENSON et al.

No. 6367.   Decided January 28, 1942.   (121 P. 2d 398.)

See 66 C. J., Vendors and Purchasers, sec. 1325.

Right of vendor in contract for sale of real property to bring suit to recover possession without first giving notice, or making demand for possession, note, 94 A. L. R. 1239.

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellants.

*Carvel Mattsson,* of Richfield, and *Richard W. Young,* of Berkeley, Cal., for respondent.

LARSON, Justice.

Plaintiff, hereinafter called the Bank, was awarded a judgment for recovery of possession of a seventy-one acre farm in Sanpete County, and defendant, hereinafter called Sorenson, appeals. The Bank alleged that it was the owner and entitled to possession of the farm; that on February 20, 1937, the Bank and Sorenson entered into a written agreement by the terms of which the Bank agreed to sell and Sorenson agreed to buy the land in question. The purchase price was $5,000, of which sum $1,000 was paid down. The balance of principal was to be paid in annual installments of $200, payable on the first day of December. The contract contained the usual provisions as to payment of interest, taxes, and water assessments. No taxes, interest, or installments on principal were paid, and about June 1, 1939, a notice of forfeiture and cancellation was given to Sorenson and on July 17, 1939, a five-day notice to vacate was served upon him. This action was commenced August 9, 1939.

The forfeiture provision of the contract provided that time was of the essence, and should default be made by the buyer in any of the terms the entire unpaid balance

"shall immediately become due and payable at the option of the Seller, *and Seller, at its option, may enforce its rights hereunder, either by forfeiture of all the buyer's rights under this Agreement and* all interest to the lands described herein and the appurtenances in connection therewith, *or by an action in equity or at law for specific performance,* with damages, and it shall be optional with the Seller to

re-enter said premises without any previous notice or demand, and with or without process of law. *In the event said Seller shall declare a forfeiture, all rights and interest hereby created or then existing in favor of the Buyer, or anyone claiming under him, shall utterly cease and terminate, and all equitable and legal interests in the premises and all improvements and all other appurtenances shall revert to and revest in the Seller.*" (Italics added.)

The letter of June 1, 1939, called the notice of forfeiture, was made a part of the complaint, and read as follows:

"Dear Mr. Sorenson:

"On or about February 20, 1937, you entered into an agreement with this Bank wherein you agreed to buy and we agreed to sell you the following described land in the County of Sanpete, State of Utah, to wit:

&ast;  &ast;  &ast;

"You agreed to pay &ast; &ast; &ast;. You are now in default in the payment of the following items:

"Matured and unpaid portion of principal ... .......... .. $400.00
Matured and unpaid portion of interest ....... ... ..... . 346.11
Advances for taxes, insurance, etc. ...... ............... 56.98
Interest on matured and unpaid obligations herein set forth . 45.70

"Proper demand has been made on you for the payment of these sums; to date you have not paid them. Neither has anyone else in your behalf made payment to the Bank covering these items.

"The said agreement provides that if you fail to perform each and every term therein provided that then and in that event the Bank shall be released from all obligations in law or in equity to convey the above described property or any part thereof to you, and you will forfeit all rights under that agreement and you will forfeit all payments theretofore made as rent and liquidated damages for and on account of non-fulfillment of said agreement, and the Bank shall be, at once upon demand and without other notice, entitled to possession of said property uncharged and unaffected by any claim on your part.

"This letter, therefore, is notice to you that said contract has been cancelled and all payments which you have made thereon are hereby declared forfeited and are being retained by the Bank as rent and liquidated damages for an on account of your failure to fulfill all the terms of said contract.

"You are hereby directed to vacate this property at once and without further demand.

"Please return to us in the enclosed envelope your copy of the agreement."

Sorenson's general demurrer to the complaint was overruled and this presents the first assignment of error and the principal question in the case. In support of the demurrer it is argued that the forfeiture clause of the contract is not "self-executing"; and therefore the Bank could not declare a forfeiture of the contract without giving Sorenson notice that he must pay up all arrearages under the contract by a certain date, or the contract would be declared forfeited. This position is untenable. It is not contended that the Bank had done anything to mislead Sorenson or to lull him into a feeling of security, or justify a belief that compliance with the contract would not be insisted upon. And were it contended there were any such matters, they do not appear in the complaint. After the demurrer was overruled Sorenson filed an answer in which he did not set up or raise any such issue. If he placed any reliance upon a claimed or asserted waiver of the provisions of the contract, he was required to plead it. *Clifford* v. *Fleshman,* 65 Cal. App. 762, 225 P. 45. The matter here is presented simply on the question as to whether under all contracts for sale of real estate it is necessary to give notice to the defaulting purchaser of an intention to declare a forfeiture unless payment is made before a forfeiture can be declared, if the forfeiture clause in the contract is not "self-executing." This question has been before this court from different angles four different times. In the latest case, *Leone* v. *Zuniga,* 84 Utah 417, 34 P. 2d 699, 702, 94 A. L. R. 1232, a case substantially like this one, the court said:

"The distinction between contracts which contain self-executing provisions for forfeiture and those which require notice of forfeiture before suit may be commenced and maintained by the vendor to enforce the forfeiture and gain possession of the property is indicated by the Supreme Court of Michigan in the case of *Miner* v. *Dickey,* 140 Mich. 518, 103 N. W. 855, 856. It is there said: 'It is the claim of counsel

for appellant that upon the breach of the contract by the vendee the vendor had the right to immediately institute proceedings to recover possession. We cannot assent to this proposition. The relations between the parties were contract relations. It is apparent that these relations might continue to exist after breach of the contract by the vendee; the vendor having the right to waive the breach, or to forego her remedy therefor. So long as the contract relations existed, defendant had the right to possession of the premises—was not unlawfully in possession. We do not mean to hold that parties to such a contract may not stipulate that a specified breach or breaches of the contract shall at once determine the contract relations, and work a forfeiture of the vendee's rights thereunder. The contract in this case does not so stipulate. The provision is that after breach the vendor shall have a right to declare the contract void. The rule that the vendor must terminate the contract relations by notice of forfeiture or otherwise, or that the defendant must do some act or thing which of itself determines the contract relation, before proceedings to recover possession of premises can be begun, is well settled.' "

The notice thus required in cases where there is no plea of waiver is not a notice to pay up arrearages or surrender possession but a notice that the contract has been forfeited, so the buyer may know he is no longer in lawful possession under his contract and can yield up possession and avoid legal process and suit. In the Zuniga case, supra, we said:

"But when, as here, the forfeiture provision of the contract is not self-executing but, on the contrary, vests in the seller the option of either enforcing the contract or declaring a forfeiture and also vests in the seller a further option to either re-enter the premises or to continue to permit the purchaser to remain in possession thereof as a tenant at will, then and in such case the purchaser in default is at a loss to know what is required of him. Until advised to the contrary he may assume that he will be permitted to perform his contract. If he vacates the premises, he may be confronted with an action to enforce the contract. If he fails to vacate the premises, he may be met with a suit for possession together with the expenses incident thereto. The demurrer to the complaint should have been sustained."

The rule as evidenced by the weight of authority and in accord with reason and justice is that one who has entered into a contract for the sale of land, giving him a right of

rescission or cancellation of the contract upon default by the vendee or transferee, cannot maintain an action for possession of the property he had agreed to part with, without first evidencing his election to terminate by actually terminating the contract relationship, either by notice of such election and termination, or by demand for possession prior to commencement of the action. Such rule rests upon the basis that in a possessory action plaintiff must show that at the time of bringing suit defendant was wrongfully in possession. The mere default of the buyer does not make his continued possession unlawful. He came into possession rightfully, and such continues until his contract upon which his possession rests is terminated. Upon default of the buyer the seller has an election whether to terminate the contract, or to seek specific performance, or he may waive the default. And until he manifests his election to terminate, the buyer is rightfully in possession. Some of the cases also emphasize the fact that the buyer ought not to be put to the expense or inconvenience of ouster proceedings until he has been given an opportunity to surrender possession without litigation. Without citing cases, there is an extensive annotation covering all phases of the question following the opinion in *Leone* v. *Zuniga*, supra, in 94 A. L. R. from page 1239 to 1264.

The present action is not one to effect a forfeiture, nor is it a suit in foreclosure, nor for a rescission, nor to recover the sale price or past-due installments, nor to quiet title. This action is one in unlawful detainer for possession of the premises, based upon a pleading that forfeiture was an accomplished fact. No pleadings, were filed and no issue of fact raised as to the fact of forfeiture or the right of forfeiture. The sole defense is a law question in which we are asked to hold that in a contract where a forfeiture provision is not "self-executing," forfeiture will not lie until a notice of intention to forfeit unless all arrearages shall be paid before a certain date has been served on the defaulting buyer and has not been complied with. Such

is not the contract nor is it the rule or practice. The trial court committed no error in overruling the general demurrer.

There are two other assignments mentioned in the brief but not argued therein. One is that no notice of forfeiture was served upon Ethel Sorenson, wife of O. G. Sorenson, the purchaser. There is no merit to this assignment. It is disposed of by the decision of this court in *McNeil* v. *McNeil*, 61 Utah 141, 211 P. 988.

Complaint is made as to Finding of Fact Number Twelve. It is conceded by respondent that such finding is outside the issues and the record, and should not have been made by the court. However, superfluous finding does not affect the merits of the judgment in general. Finding of Fact Number Twelve, Conclusion of Law 'C,' and the next to the last paragraph of the decree are beyond the issues and evidence and should be stricken.

The Bank argues that the judgment should be amended to provide for recovery of the 1939 rental. No cross-assignments are made and no cross-appeal taken, so that matter is not before us.

The cause is remanded to the District Court with directions to correct the findings of fact, conclusions of law, and judgment as indicated. As so amended the judgment is affirmed.

Respondent to recover costs.

MOFFAT, C. J., and WOLFE, McDONOUGH, and PRATT, JJ., concur.