BEATRICE G. JAFFE, WIDOW, DEMANDANT IN DOWER, PLAINTIFF-APPELLANT, v. ROBERT ZILINSKI, *ET ALS.*, DEFENDANTS-RESPONDENTS, AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MOHAWK SAVINGS AND LOAN ASSOCIATION, AND AETNA LIFE INSURANCE COMPANY, INTERVENERS-RESPONDENTS.

Argued November 2, 1953—Decided December 7, 1953.

*Mr. Archibald Kreiger* argued the cause for appellant.

*Mr. Harold Valentine* argued the cause for respondents Peter Abbate *et als.* (*Messrs. Greenbaum & Greenbaum,* attorneys, with *Mr. Valentine* on the brief).

*Mr. Louis J. Razen* argued the cause for respondents Broadway Homes, Inc., *et als.* (*Messrs. Celentano & Razen,* attorneys).

*Mr. David Bate* argued the cause for intervener Prudential Insurance Company of America (*Messrs. Boyd, Dodd, Kerr & Booth,* attorneys).

*Mr. Joseph P. Winberry,* attorney for respondents Jo-Ellen Laucius *et al.*

*Mr. Frank Metro,* attorney for respondents Wilfred Snyder *et al.*

*Messrs. Corbin & Corbin,* attorneys for interveners Mohawk Savings and Loan Association *et als.*

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.  The action is to recover dower of certain lands in Clifton, Passaic County, claimed by the plaintiff as the widow of Henry S. Jaffe who died in 1949.  Summary judgment was entered against her in the Law Division, 26 *N. J. Super.* 221 (1953).  While her appeal was pending in the Appellate Division we of our own motion ordered certification here.

In 1927 Henry S. Jaffe acquired a mortgage covering the lands in suit and other lands.  The mortgage, dated September 1, 1927, was a second mortgage as to the lands in suit, junior to a purchase money first mortgage taken by Stein and Hughes Company when that company on May 1, 1925 sold the lands to Walman Realty Company.  Jaffe's mortgage was defaulted and he foreclosed, bidding in the mortgaged lands at the foreclosure sale and executing, on December 20, 1929, an agreement with the Sheriff of Passaic County to purchase them for $500 in accordance with the terms and conditions of sale.  The sale was confirmed on January 10, 1930.  Plaintiff's claim of dower is based upon this executory contract.  Rights under judicial sales contracts are ordinarily governed by the principles applied to rights under sales contracts voluntarily made between the parties.  *Cropper v. Brown,* 76 *N. J. Eq.* 406 (*Ch.* 1909).

Subsequently, on March 10, 1930, Stein and Hughes Company brought foreclosure proceedings on its purchase money first mortgage upon the lands in suit, naming Jaffe, but not the plaintiff, a party defendant, Jaffe being joined as the holder of the junior mortgage.  While the deed to

Jaffe to complete the judicial sale of December 20, 1929 had been prepared, the sheriff still retained it because Jaffe had not tendered performance under the contract. Performance was finally tendered and delivery of the deed obtained, not by Jaffe but by one Isaac H. Mass, and this not until September 4, 1930, more than a month after entry of the final decree in the foreclosure proceedings on the first mortgage. The deed was recorded on September 29, 1930, three days after the lands in suit were struck off to Stein and Hughes for $1,000 in its foreclosure proceedings. The defendants in the instant action are the successors in title to Stein and Hughes Company.

Jaffe's response in the Stein and Hughes suit was to file a notice to report on the junior mortgage. Without revealing that he had foreclosed the mortgage and had executed the mentioned contract on December 20 prior, he attended with counsel before the master appointed to make the report. The master reported on May 16, 1930 that Jaffe produced the mortgage before him and made oath that he was the holder of record thereof, and further that the sum of $15,645.50 was secondly due to Jaffe thereon after the amount of $20,722.20 due on the Stein and Hughes mortgage.

Dower of equitable interests of the husband is wholly a statutory creation not deemed in this State successional to or derivative from the husband. *Pope v. Bain,* 6 *N. J.* 351 (1951), but see *Restatement on Property* (1936), *Dower and Curtesy as Derivative Estates, Ap.* 1 *et seq.* At common law a wife was denied dower of lands in which her husband had only an equitable interest. See *Radnor v. Vandebendy,* 1 *Shower* 69, 1 *Eng. Rep.* 48 (1697) ; 2 *Powell, Real Property* (1952), *sec.* 212, *p.* 133; 1 *American Law of Property* (1952), *sec.* 5.23, *p.* 659. Our New Jersey statute dates from 1799, *Paterson's Laws, p.* 343, *R. S.* 3:37–1, *N. J. S.* 3A:35–1, and preceded by 34 years the first statutes in England, 2 and 4 *Wm. IV, c.* 105, *sec.* 3. The equitable interests of which the wife is dowable within the statutory provision "whereof her husband *or another to his use,* was

seized of an estate of inheritance at any time during coverture" have not yet been fully catalogued in our reported cases. That every equitable interest is not dowable was decided in *Yeo v. Mercereau*, 18 *N. J. L.* 387, 393 (*Sup. Ct.* 1842), which held that the words of the statute, "or another to his use," "were inserted to reach \* \* \* cases \* \* \* in which another is seized of lands during coverture, to the use of the husband, under such circumstances, as in equity entitles the husband, or his heirs, to a conveyance of a legal estate and the actual seizin and possession of the land." The authors of the *American Law of Property, supra, p.* 661, have noted that "most of the legal problems which arise to-day in connection with dower in equitable interests relate to the question of whether or not dower will attach to equitable interests other than express trusts." One of the important questions apparently still open in our State concerns the dower of the widow in the husband's equitable interest as purchaser under an executory contract for the sale of lands. The decisions upon that matter elsewhere under particular statutes are notable for the contrariety of view, both whether and in what circumstances the wife is dowable of such interest, 66 *A. L. R.* 65, and whether, when she is, her inchoate dower may be defeated by the husband's assignment of the contract, 6 *Rutgers L. Rev.* 438, 447, and (particularly pertinent in the instant case in light of Jaffe's reliance in the Stein and Hughes suit upon his second mortgage) by his abandonment of the contract. *Gigliotti v. Albergo,* 100 *Utah* 392, 115 *P. 2d* 791 (*Sup. Ct.* 1941).

But we do not reach these questions in this case. The Stein and Hughes mortgage encumbered the lands in suit when Jaffe acquired his junior mortgage and when he entered into the executory contract with the sheriff. A widow may have dower of an equity of redemption. *Woodhull v. Reid,* 16 *N. J. L.* 128 (*Sup. Ct.* 1837). However, if Jaffe acquired any equitable interest under the executory contract of which plaintiff was dowable and plaintiff's dower right was not extinguished with Jaffe's interest by the foreclosure decree or his abandonment of the contract, plaintiff

in any event cannot enforce her claim of dower in the manner attempted by her complaint herein as against Stein and Hughes Company and the defendants claiming title under that company. As against them, in law, "the right of dower never attached for one instant." *Woodhull v. Reid, supra,* p. 132; *Thompson v. Boyd,* 22 *N. J. L.* 543 (*E. & A.* 1849). In the *Thompson* case the controversy arose as between a widow and mortgagee before coverture and the principles there stated are equally applicable here. It was there said:

"* * * a widow is dowable of an equity of redemption, the mortgagor being considered as the legal owner, except as against the mortgagee, and those claiming under him, and the *mere assignee* of the husband by conveyance after marriage is concluded from denying this seisin. But it is otherwise in regard to the mortgagee. As against him, or those claiming under him, the law is equally well settled that the mortgagor is not so seized as that the widow, where the mortgage was before coverture, can claim dower. The wife's dower must yield to the superior title of the mortgagee, for (says Chancellor Kent), as against the title under the mortgage, the widow has no right of dower, and the equity of redemption is entirely subordinate to that title. 4 *Kent* 45 (*5th ed.*) As against the mortgagee there is no seisin, * * *.

"The mortgagee holding, as against the mortgagor, the legal title, subject only to the condition or equity of redemption, may unite that equitable interest to his legal title, either by foreclosure or by the voluntary release or conveyance of the mortgagor. Such union of the legal and equitable estate extinguishes or, as the phrase is, merges the equitable in the legal estate, and the latter becomes absolute. The estate which was before a fee simple, is still the same, but it is relieved of the condition or equity with which it had been previously encumbered. If by foreclosure, the condition is gone for all purposes, and the estate is absolute in the mortgagee. If by conveyance, it is so at law, and if the widow has any right, it is only in equity to redeem *pro tanto*. In such case the mortgagee does not hold under the subsequent conveyance, but under the mortgage, and, the equity of redemption being extinguished, his title is paramount to the dower title of the wife."

As against Stein and Hughes Company and the defendants plaintiff's interest at best could only be such as to entitle her, in equity, to redeem *pro tanto* and recover her dower upon the payment of such portion of the superior encumbrance, or subject to such deduction on account of the encumbrance,

as is equitable and just. *Chiswell v. Morris,* 14 *N. J. Eq.* 101 (*Ch.* 1861).

But plaintiff does not offer to redeem or plead a right of redemption or any other equitable claim to relief, if indeed at this late date she will be heard to claim such right; if she had an inchoate right of dower, equity would have entertained her suit for redemption in her husband's life time, see *Brown v. Brown,* 82 *N. J. Eq.* 40 (*Ch.* 1913), and her delay, even to this date, in taking action to enforce that right may well be fatal; *cf. R. S.* 2:65–14, and see *Bigoness v. Hibbard,* 267 *Ill.* 301, 108 *N. E.* 294 (*Sup. Ct.* 1915); she seeks a legal remedy only, that her dower "be assigned and admeasured to her," an action, as we have said, not in law maintainable as against the first mortgagee and its successors in title.

Our conclusion makes it unnecessary to consider the several additional defenses asserted by the defendants.

The judgment of the Law Division is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.